**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 07-1311

ARTHUR HICKSON, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued September 29, 2009                    Decided  March 31, 2010 )

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Gayle Strommen*, with whom *Will A. Gunn*, General Counsel; and *R. Randall Campbell*, Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before GREENE, *Chief Judge*, KASOLD and DAVIS, *Judges*.

GREENE, *Chief Judge*: Veteran Arthur Hickson appeals, through counsel, a February 5, 2007, Board of Veterans' Appeals (Board)  decision that determined there was new and material evidence to reopen his previously denied Department of Veterans Affairs (VA) service-connection claim for an acquired psychiatric disorder and denied the claim on the merits.  Record (R.) at 1-29. Because prior to the Board decision a VA regional office (RO) de facto reopened Mr. Hickson's claim and denied it on the merits, and because Mr. Hickson has otherwise failed to demonstrate that the Board contravened 38 C.F.R. § 20.903(b), which provides that the Board will notify an appellant of its intent to consider law not already considered by the agency of original jurisdiction [AOJ] where such consideration could result in denial of the appeal, the February 2007 Board decision will be affirmed.

## I.  BACKGROUND

Mr. Hickson served in the U.S. Air Force from July 1968 to February 1969. In May 1981, he claimed VA service-connection benefits for a nervous condition, which was construed as a claim for benefits for a psychiatric disorder. The RO denied the claim in June 1981. Mr. Hickson appealed to the Board, and in September 1982, the Board denied his claim after finding that his service medical records showed that he had no evidence of a chronic psychiatric abnormality such as a psychosis or neurosis. The Board also found that his only postservice diagnosis was that of a personality disorder, which by VA regulation was a developmental defect and not a disability for which service connection could be granted. *See* 38 C.F.R. § 3.303(c) (2009) (A personality disorder is not considered a disease or injury for VA-benefits purposes). That decision became final.

In February 1999, Mr. Hickson sought to reopen his disallowed claim. In August 1999, the RO determined that new and material evidence had not been submitted to reopen that claim. R. at 423-28. Although not required to by law,[1] Mr. Hickson was provided a March 2004 VA medical examination and the claim otherwise was developed. R. at 884. In November 2004, the RO decided that the evidence submitted by Mr. Hickson and developed after the June 1981 denial of his claim did not warrant reopening his claim because none of it showed that Mr. Hickson had incurred a psychiatric disorder in service or developed a psychosis to a compensable degree within one year of his discharge from service. R. at 910. Mr. Hickson appealed. The matter was remanded by the Board in April 2006. R. at 962. In June 2006, Mr. Hickson submitted to the RO three affidavits one signed by him, by his mother, and by his sister, that asserted that he had difficulties during and immediately following his military service. Along with submitting the affidavits, Mr. Hickson's counsel, who has represented Mr. Hickson since February 2001, requested remand for the RO to consider the affidavits and schedule another medical examination. R. at 935. In a July 2006 Supplemental Statement of the Case (SSOC), the RO found that these statements were contradicted by the medical evidence of record, that the affidavits were not credible, that there was no basis for providing Mr. Hickson with another VA medical examination, and that new and material evidence

---

[1] The Court notes that in 1999, the Secretary had no duty to assist the claimant until the claim was well grounded. *See Epps v. Gober*, 126 F.3d 1464, 1469 (Fed. Cir. 1997). Although the Veterans Claims Assistance Act of 2000 eliminated the well-grounded claim requirement, *see Bernklau v. Principi*, 291 F.3d 795, 803 (Fed. Cir. 2002), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) subsequently held that the Secretary does not have a duty to assist the claimant by providing a medical examination until the claim is reopened, *see Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 345 F.3d 1334, 1342-43 (Fed. Cir. 2003).

2

had not been submitted to reopen Mr. Hickson's previously disallowed claim for service connection.

During his subsequent appeal to the Board, in September 2006, Mr. Hickson, through the same counsel, submitted the following statement to the RO: "The veteran waives any further time period and requests that the claims file be immediately transferred to the [Board] for de novo review." R. at 996. He also attached additional arguments in support of the appeal, including an argument that, pursuant to *Shedden v. Principi*, 381 F.3d 1163 (Fed. Cir. 2004),[2] he was entitled to the presumption of service connection under 38 U.S.C. §§ 105(a) and 1112 and therefore he was entitled to a VA medical examination to demonstrate that his current disability was related to the symptoms described in the affidavits he submitted in June 2006. R. at 1000. In January 2007, Mr. Hickson, through that same counsel, who continues as his counsel before the Court, submitted to the Board a statement that said: "I request that the Board proceed with review of [Mr. Hickson's] appeal based on all the evidence of record, and issue a favorable decision granting benefits as soon as possible." R. at 1009.

On appeal, the Board determined that Mr. Hickson's evidence, the three June 2006 affidavits, were new and material and reopened his claim. Upon reviewing the matter, the Board observed:

> The veteran himself and his counsel have not contended that *de novo* review by the RO is necessary in this case. Indeed, in his September 7, 2006[,] submission to the Board the veteran's attorney urged the Board to grant the claim based upon an alleged "**presumption of service connection**" (emphasis as in original letter). It is clear from argument submitted by the attorney that the veteran expects the Board to render a decision on the merits. A September 7, 2006[,] letter from the veteran's attorney stated "The veteran . . . requests that the claims file be transferred to the Board of Veterans' Appeals for de novo review (emphasis added by the Board).

R. at 15-16. The Board considered Mr. Hickson's September 2006 statement through counsel to be an apparent waiver of consideration by the RO of the merits of the claim. The Board then found that

---

[2] In *Shedden*, the Federal Circuit held that the term "service-connected" as defined in 38 U.S.C. § 101(16) is synonymous with the term "incurred in the line of duty," and therefore, "that section 105(a) creates a presumption of service connection, . . . that a disability first manifested or aggravated during active duty is deemed to be service connected, unless such injury or disease was a result of the person[']s own willful misconduct or abuse of alcohol or drugs." 381 F.3d at 1166. The presumption to which the Federal Circuit refers is a presumption that an injury or disease that was incurred in the line of duty constitutes an in-service incurrence of an injury or disease for purposes of establishing the second service-connection element (in-service incurrence of an injury or disease). *Id*.; *see Conley v. Peake*, 543 F.3d 1301 (Fed. Cir. 2008) (holding that the section 105(a) presumption only satisfies the in-service incurrence or aggravation of a disease or injury element for service connection).

because (1) Mr. Hickson had been provided adequate notice concerning what was required to substantiate his claim and an opportunity for a hearing, (2) there was no indication that there were any outstanding records of medical treatment, and (3) Mr. Hickson had been provided an adequate medical examination, he had "presented all available existing evidence and argument as to the merits of the claim, . . . [and he would] not be prejudiced by [the Board's] consideration of this issue on its merits." R. at 16. With these findings, the Board determined that it would not be prejudicial to Mr. Hickson to proceed to adjudicate the merits of his reopened claim without first remanding the matter to the RO for initial consideration.

After adjudicating the claim, the Board found that Mr. Hickson's psychiatric disorder was not service connected and denied the claim. The Board determined that Mr. Hickson's previously considered assertions of psychiatric symptoms within the year following his service were not credible and thus did not establish that he had a psychosis in or resulting from service. R. 20-26. Consequently, the Board found that the additional affidavits by Mr. Hickson's mother and sister, based on Mr. Hickson's own assertions that lacked credibility, were incompetent and insufficient to establish in-service incurrence of a psychiatric disability, thereby failing to demonstrate a medical nexus between Mr. Hickson's service and his currently diagnosed condition. This appeal followed.

## II. ARGUMENTS

Initially, Mr. Hickson argued that the Board lacked subject-matter jurisdiction to adjudicate his reopened service-connection claim on the merits. He maintained that this Court's decision in *Bernard v. Brown*, 4 Vet.App. 384 (1993), was inconsistent with, and consequently overruled by, Federal Circuit decision in *Disabled Am. Veterans (DAV) v. Sec'y of Veterans Affairs*, 327 F.3d 1339 (Fed. Cir. 2003). On August 24, 2009, Mr. Hickson moved to withdraw this original argument that he presented in his initial brief regarding the status of *Bernard* based on the Federal Circuit's decision in *Sims v. Shinseki*, 578 F.3d 1332 (Fed. Cir. 2009), and sought to rely solely on the supplemental argument he submitted in response to our March 2009 order for supplemental briefing

4

concerning 38 C.F.R. § 20.903.[3] At oral argument he conceded that *Sims* addressed the validity of *Bernard* and that the Board has jurisdiction to reopen and then adjudicate a claim on the merits.

Acknowledging that this case does not present a jurisdictional issue, Mr. Hickson argues that the Board nevertheless erred in proceeding to consider the merits of his claim when the RO had not done so. In support of his argument, he contends that, without giving him notice as required by 38 C.F.R. § 20.903, the Board considered law not already considered by the RO, and, alternatively, that the Board should not have applied the law to the merits of his claim when the RO had not yet done so.

The Secretary contends that, because the Board did not apply law not considered by the RO and because Mr. Hickson specifically argued the merits of his claim before the Board, there was no violation of § 20.903. The Secretary further maintained that the sole purpose of § 20.903 is to ensure that a claimant is not prejudiced when the Board intends to consider law that was not already considered by the RO and that, because the Board specifically considered and thoroughly analyzed any possible prejudice to Mr. Hickson's procedural rights, the purpose of § 20.903 was satisfied.

## III. LAW AND ANALYSIS

### A. Reopening a Claim

A claim that has been finally denied can be reopened if new and material evidence is presented or secured. 38 U.S.C. § 5108. Reopening a claim will result in a new decision on the matter. *Id*. "New and material evidence" is defined as the following:

> New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.

---

[3] In March 2009, this appeal was stayed pending the resolution of *Treece v. Shinseki*, No. 07-0388, a case in which this Court was considering the application of 38 C.F.R. § 20.903. *Treece* , however, was resolved by joint motion for remand. Consequently, the parties in this case were ordered to address the application of § 20.903 to the facts of their case.

38 C.F.R. § 3.156(a) (2009); *see Hodge v. West*, 155 F.3d 1356, 1359 (Fed. Cir. 1998). When deciding materiality, the Secretary "is precluded from considering the credibility of the newly submitted evidence; strictly for the purpose of determining whether new and material evidence has been presented, the Board must presume that the newly submitted evidence is credible." *Duran v. Brown*, 7 Vet.App. 216, 220 (1994) (citing Justus v. *Principi*, 3 Vet.App. 510, 513 (1992)). However, the Secretary is not required "to consider the patently incredible to be credible." *Id.*; *see King v. Brown*, 5 Vet.App. 19, 21 (1993) (citing *Espiritu v. Derwinski*, 2 Vet.App. 492 (1992)) (noting that Board must not assume credibility of evidence "when the evidentiary assertion is inherently incredible or when the fact asserted is beyond the competence of the person making the assertion"). Moreover, unless the claim is reopened, the Secretary is not required to provide a medical examination or opinion. *See Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 345 F.3d 1334, 1342-43 (Fed. Cir. 2003). Additionally, the Board must include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; that statement must be adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate informed review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995).

### B. One Review on Appeal

Under 38 U.S.C. § 7104(a), all decisions by the Secretary, including claims to reopen, "shall be subject to one review on appeal to the Secretary." 38 U.S.C. § 7104(a) ("All questions in a matter which . . . is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary."); 38 C.F.R. § 20.101(a) (2009). By statute, final decisions on such appeals are made by the Board. 38 U.S.C. § 7104. In providing a thorough discussion of the administrative appellate process within VA, the Federal Circuit, in *DAV*, observed that the Board is "primarily an appellate tribunal" within the VA appellate system, and as such, under section 7104 acts on behalf of the Secretary in making the ultimate decision on claims and provides "one review on appeal to the Secretary" of a question subject to decision by the Secretary under 38 U.S.C. § 511. 38 U.S.C. § 7104. Thus, the Federal Circuit held that a proposed amendment to VA regulation 38 C.F.R. § 19.9 that would allow the Board to consider additional evidence without having to remand the case to the RO for initial consideration and without having to obtain the appellant's waiver was invalid

6

and contrary to the section 7104 requirement that preserves and affords "one review on appeal." *DAV*, 327 F.3d at 1346.

### 1. Board's Consideration of New Evidence Not Considered by the RO

When the Board reopens a claim after the RO has denied reopening that same claim, the matter generally must be returned to the RO for consideration of the merits. This is because the RO should, in the first instance, consider that new evidence and decide the matter so as to preserve for that claimant the one review on appeal as provided by section 7104. The Board, however, may proceed to decide the merits of the claim if the Board first secures a waiver from a claimant or the Board determines that the claimant would not be prejudiced by proceeding to a decision on the merits. *Bernard*, 4 Vet.App. at 390; *see Barnett v. Brown*, 83 F.3d 1380, 1384 (Fed. Cir. 1996) (stating that, in new and material evidence cases, the Board's jurisdiction does not vary "according to how the [RO] ruled").

### 2. Board's Consideration of Law Not Considered by the RO

After the Federal Circuit's decision in *DAV*, the Secretary revised § 19.9 as well as 38 C.F.R. § 20.903. *See* 68 Fed. Reg. 69,062 (Dec. 11, 2003); 69 Fed. Reg. 53,807 (Sept. 4, 2004). Amended § 20.903 states:

> If . . . the Board intends to consider law not already considered by the [AOJ] and such consideration could result in denial of the appeal, the Board will notify the appellant and his or her representative, if any, of its intent to do so and that such consideration in the first instance by the Board could result in denial of the appeal. The notice from the Board will contain a copy or summary of the law to be considered. A period of 60 days from the date the Board furnishes the notice will be allowed for response, which may include the submission of relevant evidence or argument. The date the Board furnishes the notice will be presumed to be the same as the date of the letter that accompanies the notice for purposes of determining whether a response was timely filed. No notice is required under this paragraph if the Board intends to grant the benefit being sought or if the appellant or the appellant's representative has advanced or otherwise argued the applicability of the law in question.

38 C.F.R. § 20.903(b) (2009).[4] As previously noted, Mr. Hickson argues that the Board violated this regulation when it proceeded to decide his claim on the merits.

---

[4] The amended § 20.903 took effect on October 4, 2004, was in effect at the time of Mr. Hickson's appeal to the Board, and remains unchanged.

The Secretary argues that this provision applies only to *new* statutes, regulations, or caselaw that were not in effect at the time of the AOJ decision. Although the Secretary may establish the meaning of a regulation by presenting independent authority for his position or demonstrating that his position is an accepted interpretation and practice, *see Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144, 151 (1991), he does not attempt to do so here. Rather, he maintains that the plain language of the regulation necessitates that it must be interpreted as only applying to law promulgated between the time of the AOJ decision and the Board decision.

We review interpretations of VA regulations de novo. *See* 38 U.S.C. § 7261 (Court interprets statutory and regulatory provisions); *Lane v. Principi*, 339 F.3d 1331,1339 (Fed. Cir. 2003) ("[I]nterpretation of a statute or regulation is a question of law . . . ."); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (Court reviews "questions of law de novo without any deference to the Board's conclusions of law").

Litigation positions are not entitled to judicial deference when they are merely counsel's "post hoc rationalizations" for agency action and are advanced for the first time on appeal. *See Martin*, 499 U.S. at 156. However, when "regulations leave the pertinent inquiry unresolved, deference must be afforded to the [Secretary's] interpretation as long as that interpretation is not 'plainly erroneous or inconsistent with the regulations.'" *Smith v. Nicholson*, 451 F.3d 1344, 1394 (Fed. Cir. 2006); *see also Auer v. Robbins*, 519 U.S. 452, 463 (1997). The Secretary, however, has not provided anything to the Court that demonstrates that this interpretation reflects VA's "fair and considered judgment on the matter in question." *Id*. at 462. Indeed, contrary to the Secretary's assertion, nothing in the plain language of the regulation, nor the documents published in conjunction with the notice and comment period after which the regulation was promulgated, supports the Secretary's narrow interpretation.

Furthermore, the language of the regulation itself contradicts such an interpretation. The regulation concerns situations where "the Board intends to consider law *not already considered* by the [AOJ]." 38 C.F.R. § 20.903(b) (emphasis added). The use of the phrase "not already considered" suggests that the law existed at the time the AOJ made its decision but was simply not considered. Accordingly, the Secretary's interpretation – that the Board could, in the first instance, and without giving notice to a claimant, consider applicable general law to deny a claim – amounts

8

to a rewrite of his regulation. He may wish to undertake such action, but this is not the forum to do so. *See* Administrative Procedure Act, 5 U.S.C. § 553.

## C. Application to Mr. Hickson's Case

Despite our conclusion that the Secretary's argument regarding a narrow interpretation of § 20.903 is inconsistent with the plain wording of the regulation, Mr. Hickson's argument that the Board considered law not already considered by the RO in violation of that regulation nevertheless is not supported by the record.

### 1. Law Not Already Considered by the RO

Mr. Hickson argues that simply because the RO did not explicitly note a law in its decision, that law must not have been considered. We reject that argument. There is no requirement that the RO list every law it considered when rendering its decision. 38 U.S.C. § 5104(b) ("In any case where the Secretary denies a benefit sought, the notice required by subsection (a) shall also include (1) a statement of the reasons for the decision, and (2) a summary of the evidence considered by the Secretary."). Moreover, the RO is presumed to have considered all applicable law, absent some showing that it did not. *See Jennings v. Mansfield*, 509 F.3d 1362, 1367 (Fed. Cir. 2007) (holding that the Board can assume that the Secretary applied correct legal standards, absent clear evidence to the contrary); *see also Dolan v. Brown*, 9 Vet.App. 358, 362 (1996) (concluding that VA has duty to consider any presumption that may be applicable to veteran's claim and, in absence of "clear evidence" to contrary, is presumed to have done so). Further, Mr. Hickson does not identify any law that we conclude the Board considered that had not been considered by the RO. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (holding that appellant bears burden of demonstrating error on appeal).

Specifically, contrary to Mr. Hickson's assertion that the Board considered 38 U.S.C. §§ 1101, 1110, 1112, and 1113 and that the RO did not note these statutes as being considered, the RO explicitly noted them in its July 2006 SSOC. R. at 990. Similarly, contrary to Mr. Hickson's argument that the Board considered 38 C.F.R. §§ 3.303, 3.306, and 3.309, and the RO did not list these regulations as having been considered, the Board never cited 38 C.F.R. § 3.306, and the RO cited §§ 3.303, 3.309 in its SSOC. R. at 991. And, contrary to Mr. Hickson's assertion that the Board considered a list of cases that the RO did not, several of those cases were either (1) cited by

9

the RO in its SSOC, to wit: *Suttmann v. Brown*, 5 Vet.App. 127 (1993) (*see* R. at 980), *Savage v. Gober*, 10 Vet.App. 488 (1997) (*see* R. at 991), *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990) (*see* R. at 992), *Madden v. Gober*, 125 F.3d 1477 (Fed. Cir. 1997) (*see* R. at 992), or (2) submitted to the Board by Mr. Hickson's counsel, to wit, *Cartright v. Derwinski*, 2 Vet.App. 24 (1991) (*see* R. at 1014-15), and *Shedden v. Principi*, 381 F.3d 1163 (Fed. Cir. 2004) (*see* R. at 1015). *See* 38 C.F.R. § 20.903(b) ("No notice is required under this paragraph if . . . the appellant or the appellant's representative has advanced or otherwise argued the applicability of the law in question.").

Mr. Hickson also lists a host of caselaw that he claims the Board cited and relied upon that was not considered by the RO. However, he fails to recognize that the following legal principles addressed in these cases were each addressed in the preparation of the SSOC, which is prepared before the matter is formally appealed to the Board, affirmatively evidencing consideration by the RO of the legal principles for which these cases stand. *Compare* R. at 984-93 (July 2006 SSOC) *with Mayfield v. Nicholson*, 20 Vet.App. 537 (2006) (the Secretary is not required to provide particularized notice regarding the evidence necessary to correct specific inadequacies in a claimant's file per 38 U.S.C. § 5103(a)); *Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (same); *Alemany v. Brown*, 9 Vet.App. 518, 519 (1996) (claimant must only demonstrate that there is an approximate balance of positive and negative evidence in order to prevail); *Winn v. Brown*, 8 Vet.App. 510, 516 (1996) (personality disorders and mental retardation are deemed to be congenital or developmental abnormalities and are not considered to be disabilities for the purposes of service connection); *Libertine v. Brown*, 9 Vet.App. 521, 523 (1996) (speculative, general, or inconclusive medical opinions have little probative value); *Beausoleil v. Brown*, 8 Vet.App. 459, 463 (1996) (same); *Cosman v. Principi*, 3 Vet.App. 303, 305 (1992) (service connection may be granted for disability shown after service when the evidence showed it was incurred in service); *Espiritu v. Derwinski*, 2 Vet.App. 492, 495 (1992) (laypersons are not generally competent to opine on medical matters such as the date of onset of a claimed disability and the relationship of specific symptoms to a particular diagnosis); *Gobber v. Derwinski*, 2 Vet.App. 470, 472 (1992) (VA medical examinations are not required if there is already competent evidence in the file).

Similarly, Mr. Hickson contends that the Board relied upon other caselaw that had not been considered by the RO, to wit: *Kowalski v. Nicholson*, 19 Vet.App. 171, 179 (2005) (medical opinion

10

based on claimant's own statements may not be rejected out of hand); *Wensch v. Principi*, 15 Vet.App. 362, 367 (2001) (the Board may favor the opinion of one competent medical authority over another); *LeShore v. Brown*, 8 Vet.App. 406, 409 (1995) (evidence recorded by a medical examiner, unenhanced by any medical comment, does not constitute competent medical evidence); *Owens v. Brown*, 7 Vet.App. 429, 433 (1995) (cited for the same principle as that in *Wensch*, *supra*); *Swann v. Brown*, 5 Vet.App. 229, 233 (1993) (a medical opinion based upon an unsubstantiated account is of no probative value, and does not serve to verify the occurrences described); *Obert v. Brown*, 5 Vet.App. 30 (1993) (adjudicator may not substitute its opinion for medical opinions in the record); *Guerrieri v. Brown*, 4 Vet.App. 467, 470-71 (1993) (probative value of medical opinion comes from medical expert's personal examination of the patient, the physician's knowledge and skill in analyzing the data, and the medical conclusion that the physician reaches). However, Mr. Hickson fails to observe that the legal principles addressed in these cases concern the weight and probative value to be assigned evidence, and that the RO, as discussed below, actually developed the claim and weighed the evidence, again evidencing its consideration of the law.

Additionally, Mr. Hickson asserts that the Board cited and relied upon *Meyer v. Brown*, 9 Vet.App. 425 (1996) (Board required to analyze evidence and provide reasons or bases for its decision); *Eddy v. Brown*, 9 Vet.App. 52 (1996) (same); *Gabrielson v. Brown*, 7 Vet.App. 36 (1994) (same); and *Bernard*, 4 Vet.App. at 394 (Board may, in some instances, decide matters that were not previously decided by the RO), and that the RO did not cite to them. But again, Mr. Hickson does not recognize that the legal principles addressed in these cases are that the *Board* is obligated under 38 U.S.C. § 7104(d) to provide an adequate statement of reasons or bases, and that the *Board* may, in some instances, decide matters that were not previously decided by the RO. It is self-evident that § 20.903(b) would not apply to situations in which the Board considers quintessential law applicable to its own adjudication, and irrelevant to the RO's decision. To read § 20.903(b) as precluding consideration by the Board of law applicable to its adjudication and not applicable to the RO's adjudication would mean that the Secretary would have to give 60 days notice to the claimant in every appeal that the Board would perform its duty in accordance with applicable law, unless the Board granted the claim in full or the appellant waived such notice. If the Secretary desired this

11

result, he could have written his regulation to require such notice; but, he did not, and we see no basis for requiring such an outcome.

In sum, Mr. Hickson's argument based on his litany of statutes, regulations, and case law that purportedly were not cited by the RO fails to demonstrate that the Board violated § 20.903(b) by improperly considering law that the RO failed to consider without first notifying him and giving him an opportunity to respond. *See Jennings*, *Dolan*, and *Hilkert*, all *supra*.

### 2. Law Applied to the Merits

When informed at oral argument that 38 U.S.C. §§ 1101, 1110, 1112, and 1113, had been cited to and relied upon by the RO in its 2006 SSOC, Mr. Hickson argued that these statutes nevertheless were considered by the Board in the context of a reopened claim, which he argues necessarily violates § 20.903(b). As we previously noted, *supra* at III(B)(1), when the Board reopens a claim after the RO has denied reopening, the Board generally should remand the claim to the RO to consider the evidence and render a new decision. This is because the RO generally does not assess the credibility of the evidence or determine the need for a medical examination or opinion when reopening is denied. *See Justus* and *Paralyzed Veterans of Am.*, both *supra*. Thus, if the Board initially reopens a claim when the RO has not considered the need for a medical examination or opinion, or assessed the credibility of the evidence, the Board would be considering law that the RO had not already considered, possibly implicating § 20.903(b). And, in the absence of waiver by the claimant or a Board finding that the claimant would not be prejudiced by the Board adjudicating the matter in the first instance, by going forward, the Board would violate the "one review on appeal," statutory requirement. *DAV* and *Bernard*, both *supra*.

In this instance, however, the RO developed the evidence over a seven-year period between the date Mr. Hickson filed his claim to reopen in 1998 and the date of the SSOC that issued in 2006. The Board also found that the duties to notify and assist had been satisfied, including not only obtaining records, which is part of every claim to reopen, but also providing Mr. Hickson a medical examination, which is not required until and unless a claim is reopened. *See Paralyzed Veterans of Am.*, 345 F.3d at 1342-43. More significantly, all of the evidence in the record before the Board reveals that upon receipt of Mr. Hickson's new evidence, the RO in fact considered that evidence, assessed its credibility, and, after doing so, determined that not only was the evidence not credible

12

but also that it did not trigger a need for any additional medical examinations. These are determinations that should be made only after a claim has been reopened. Indeed, the RO weighed the totality of the evidence before reaching a conclusion that Mr. Hickson's claim would be denied. Because the RO de facto reopened the claim, which thus means that, under these circumstances, the Board's application of the law to the merits was the second such application, the Board's review of the claim actually constituted the "one review on appeal." *Paralyzed Veterans of Am.*, *supra*. Based on the record on appeal, we have the firm conviction that the Board's conclusory statement that the RO had not considered Mr. Hickson's claim is clearly erroneous. *Gilbert*, 1 Vet.App. at 52 ("'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948))). Under these circumstances, the Board's application of the law to the merits was the second such application, and the Board's review of the claim actually constituted "one review on appeal." *Id.* Accordingly, we hold that 38 C.F.R. § 20.903(b) was not violated in this instance.

D. Section 5103A Duty To Provide an Adequate Medical Examination

At oral argument, Mr. Hickson argued for the first time that once the Board reopened his claim, he was entitled to a VA medical examination. Under section 5103A, the Secretary is obligated, in appropriate cases, to conduct a thorough and contemporaneous medical examination or obtain a medical opinion. 38 U.S.C. § 5103A(d)(2); *McLendon v. Nicholson*, 20 Vet.App.79, 81 (2006); *Green v. Derwinski*, 1 Vet.App. 121, 124 (1991). "[O]nce the Secretary undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, he must provide an adequate one." *Barr v. Nicholson*, 21 Vet.App. 303, 311 (2007).

Mr. Hickson argues only that, once his claim was reopened, he was entitled to a new VA medical examination so that a medical examiner could consider the affidavits he submitted. Here, the Board specifically found that the Secretary's section 5103A duty to assist was fulfilled by a "contemporaneous and thorough medical examination in March 2004," in a VA psychiatric examination. R. at 17-18. The Board also found that Mr. Hickson's affidavits were "merely reiterative of contentions made to the March 2004 VA examiner, which that examiner took into

13

consideration in rendering his opinion." R. at 18. Mr. Hickson fails to assert that the Board erred in its determination that he was provided an adequate VA psychiatric examination in March 2004, which considered his contentions, nor does he suggest any errors in that examination. *See Hilkert*, *supra*.

Furthermore, the Board specifically determined that the statements Mr. Hickson submitted were not credible. R. at 22. Again, Mr. Hickson does not challenge the Board's conclusion. Information that is not credible is not a basis for ordering another medical examination. *See Washington v. Nicholson*, 19 Vet.App. 362, 367-68 (2005) (holding that the Board has the duty to determine the credibility and probative weight of the evidence); *Reonal v. Brown*, 5 Vet.App. 458, 461 (1993) (holding that a medical opinion based upon an inaccurate factual premise has no probative value); *Smith v. Derwinski*, 1 Vet.App. 235, 237 (1991) ("Credibility is determined by the fact finder."). The Board provided an adequate statement of reasons or bases for its conclusion that the statements were not credible and that determination is not clearly erroneous. *See Wood v. Derwinski*, 1 Vet.App. 190, 193 (1991) (stating that Board's assessment of credibility and weight to be given to evidence is finding of fact subject to "clearly erroneous" standard of review). Accordingly, because the statements submitted by Mr. Hickson were both redundant of his statements to the March 2004 VA examiner and those statements were found not to be credible, the Board did not err in not providing Mr. Hickson with an additional medical examination upon reopening his claim. *See McLendon*, *supra*.

### E. Prejudice

Although we conclude that § 20.903 was not violated in this instance, we feel compelled to address Mr. Hickson's contention at oral argument that he otherwise was prejudiced by the Board deciding his claim on the merits because he would have obtained a private medical examination had he known the Board would deny him another VA medical examination. This argument is disingenuous at best. Mr. Hickson was provided a VA medical examination by the RO and denied an additional one. He was also offered an opportunity to submit his own medical evidence. He waived, through counsel, further review by the RO on this issue and argued before the Board that he should be provided another medical examination. Mr. Hickson may not agree with the Board's decision, but the record reflects that he was provided a meaningful opportunity to present his

14

argument. He thus fails to demonstrate any prejudice by the Board proceeding to address the duty to assist (and deny another VA medical examination) and deciding his claim on the merits. *See Marciniak v. Brown*, 10 Vet.App. 198, 201 (1997) (remand unnecessary "[i]n the absence of demonstrated prejudice"); s*ee also Mlechick v. Mansfield*, 503 F.3d 1340, 1346 (Fed. Cir. 2007) (Court must review the record to take due account of the rule of prejudicial error).

Moreover, before proceeding to decide the merits of Mr. Hickson's claim, the Board considered Mr. Hickson's waiver of any further review by the RO and ultimately determined that Mr. Hickson would not be prejudiced by the Board rendering its decision because, inter alia, Mr. Hickson "had presented all available existing evidence and argument as to the merits of the claim." R. at 16. The Court reviews any Board finding of no prejudice de novo. *Medrano v. Nicholson*, 21 Vet.App. 165, 171 (2007). Because the RO developed Mr. Hickson's claim, including providing him an adequate VA medical examination and assessing the credibility of the evidence, we find no prejudice in the Board proceeding to decide the claim on the merits.

## IV. CONCLUSION

Accordingly, upon consideration of the foregoing, the February 5, 2007, decision of the Board is AFFIRMED.