LANCE, Judge,
concurring in part and dissenting in part:
I believe that the majority does an excellent job in many respects in clarifying our previously disjointed caselaw on 38 C.F.R. § 3.103(c)(2) (2009). However, I think the opinion suffers from two serious problems.
First, I believe that the majority fails to sufficiently explain the distinction between its holding that the regulation does not require a preadjudication of the claim or weighing of the evidence and its requirement that the hearing officer must review the entire record to fully explain the issues on appeal. Reviewing the record to determine what issues it raises necessarily requires some evaluation of the evidence and some judgment about which issues are reasonably in dispute. Determining that there is no favorable evidence in the record will often require making a decision about the nature or meaning of ambiguous documents or reports in the claims file. Hence, it is not clear to me how these two conclusions coexist. More importantly, it is not clear how the Court should review such issues in future cases except to entertain arguments from counsel that amount to allegations that the Board should have preadjudicated the claim or weighed the evidence to provide a full explanation of the issues.
In my view, a better standard would be one that is similar to the one used in Kent v. Nicholson, 20 Vet.App. 1 (2006), to avoid requiring the preadjudication of claims. In Kent, the Court concluded that proper 38 U.S.C. § 5103(a) notice as to an attempt to reopen a previously denied claim requires the Secretary to look at the basis of the prior denial and tailor the notice to any findings of fact that would affect the type of evidence that the claimant must submit. 20 Vet.App. at 10. By analogy, 38 C.F.R. § 3.103(c)(2) should require the Board to look at the most recent RO decision— which may be the most recent Supplemental Statement of the Case considering additional evidence — and clearly explain to the appellant what element or elements of the claim were found deficient by that decision and what types of evidence would help the appellant prevail as to those issues. If the RO addressed multiple theories as to a claim, the Board would have to explain the issues related to each theory.
I believe that such a standard would be vastly easier for the Board to apply and for the Court to review. While there are certainly cases where the Board may ultimately spot an issue that was completely overlooked by the RO, the Court has recently held that the Secretary’s regulations prevent the Board from considering new legal theories in the first instance. Hickson v. Shinseki, 23 Vet.App. 394, 400-03 (2010). Thus, even if the Board later determines that the RO decision overlooked an issue, the claimant must receive notice of the issue and the opportunity to have it remanded to the RO. Id. Accordingly, even if a bright-line, Aeni-style rule does not perfectly capture every issue, claimants are still protected from being blindsided by a Board decision that raises a new issue.
My second — and more serious — concern is that the majority’s prejudicial error analysis effectively guts the requirement to fully explain the issues in many cases. In this case, the opinion concludes that the 38 C.F.R. § 3.103(c)(2) error was harmless because the negative medical evidence of record proves that the appellant was not prejudiced. To do so, the opinion mistak *501 enly frames the prejudicial error question as whether the error affected “the ‘clarity and completeness of the hearing record.’ ” Ante at 499 (quoting 38 C.F.R. § 3.108(c)(2)). However, I believe that is the standard that should be used'for the second prong of the regulation: the duty to suggest the submission of overlooked evidence. As to the first prong, the duty to fully explain the issues, the first sentence of 38 C.F.R. § 3.103(c)(2) explicitly states that the purpose of a hearing is to provide the claimant with an opportunity to submit favorable evidence. The duty to fully explain the issues exists to make that opportunity meaningful by ensuring that the appellant understands what issues most likely require the submission of favorable evidence before there is a reasonable possibility of prevailing on the claim. Where there is substantial negative evidence in the record on an issue, it is even more important that the Board member explain the need for favorable evidence in order for the claimant to have a realistic opportunity to prevail on the claim. See Moore v. Shinseki, 555 F.3d 1369, 1374-75 (Fed.Cir.2009) (concluding that failure to obtain potentially favorable, circumstantial evidence was prejudicial even though the record contained copious direct evidence against the claim).
In this regard, the majority opinion expresses confusion about my positions and presents a flawed rebuttal by unnecessarily mixing my two concerns together. First, I do not believe that I can be any clearer that preadjudication of claims by the Board is not required. Instead, I believe that the scope of the duty to fully inform should be defined by the findings of the actual adjudication done at the RO level prior to the Board hearing. Second, the opportunity to submit evidence is more than just a window of time in which new evidence will be received. When the issue in dispute requires expert evidence because it is beyond the common knowledge of lay persons, there is little reason to believe that such favorable evidence will actually be submitted unless the appellant understands the types of evidence needed to have a chance of prevailing. Indeed, my essential point is that the majority fails to acknowledge the possibility that the reason Mr. Bryant never identified any additional medical evidence in support of his claim was because he did not understand that he needed to do so. The fact that he did not submit such evidence earlier tends to suggest that is the case. In my view, there does not appear to be any explanation for creating the duty “to explain fully the issues” except to neutralize the inference that the failure to submit evidence was the product of ignorance. Under the totality of the circumstances in this case, it appears that Mr. Bryant’s failure to submit favorable medical evidence may be the product of ignorance and, therefore, he was potentially prejudiced by the violation of the duty directly targeted at avoiding such a situation.
I suppose there is some threshold where the negative evidence of record is so overwhelming or incontrovertible that denying a claimant the opportunity to rebut it would be harmless. However, in summary, I believe that the regulation exists to help claimants rebut negative evidence and, therefore, the existence of some negative evidence reinforces, rather than cures, the prejudice of not explaining the issue. Accordingly, I would remand all of the appellant’s claims based upon the Court’s conclusion that the Board erred so that the appellant would have a meaningful opportunity to present rebuttal evidence on the key issues in his claims.