Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 190923-32118
DATE: July 30, 2021

ORDER

Readjudication of the claim for entitlement to service connection diabetes mellitus type II (DMII)is warranted and to this extent only, the appeal is granted.

REMANDED

Entitlement to service connection for DMII is remanded.

FINDING OF FACT

Since the unappealed August 2018 rating decision, new and relevant evidence has been received to prove or disprove the claim for service connection for DM2.

CONCLUSION OF LAW

The criteria to readjudicate the claim for service connection for DM2 are met. 38 C.F.R. § 3.2501 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the United States Army from November 1972 to August 1979, and on active duty with the United States Army Reserve from December 1990 to July 1991. During his period of active duty from 1990 to 1991, the Veteran was deployed to Saudi Arabia and Kuwait during the Gulf War.

This appeal comes to the Board of Veterans' Appeals (Board) from a Department of Veterans Affairs (VA) June 2019 rating decision of the Agency of Original Jurisdiction (AOJ). The Veteran properly perfected his appeal in September 2019 by filing a timely VA Form 10182.

In January 2021 the Veteran testified before the undersigned Veterans Law Judge at a teleconference Board hearing. A transcript of the hearing has been reviewed by the Board, and has been associated with the claims file.

The Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA), creates a new framework of review for veterans disagreeing with VA's decision on their claim. This decision has been written consistent with the new AMA framework.

1. New and relevant evidence

Under the new AMA framework, "a claimant or his or her authorized representative, if any, who disagrees with a prior VA decision may file a supplemental claim. . . If new and relevant evidence is presented or secured with respect to the supplemental claim, the agency of original jurisdiction will readjudicate the claim taking into consideration all of the evidence of record." See 83 Fed. Reg. 138, 169 and 172 (to be codified as 38 C.F.R. §§ 3.156(d) and 3.2501) (Jan. 18, 2019).

In general, decisions of a VA Regional Office (RO) that are not appealed in the prescribed time period are final. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103. A finally disallowed claim will be reopened, and the former disposition will be reviewed if new and relevant evidence is presented or secured with respect to that claim. 38 U.S.C. § 5108. Under the AMA, the evidence necessary for VA to readjudicate a claim is "new and relevant." The AMA defines "relevant evidence" as "evidence that tends to prove or disprove a matter in issue." Pub. L. No. 115-55 § 2(a).

The Veteran's initial claim was denied in an August 2018 rating decision which was not appealed. In May 2019 the Veteran submitted a VA Form 20-0995 Supplemental Claim Application in an effort to have his claim readjudicated his claim.

Since the August 2018 rating decision, the Veteran testified before the undersigned Veterans Law Judge in January 2021. At his Board hearing, the Veteran stated that he had was told he was diagnosed with DMII shortly after returning from Southwest Asia in 1991.

This new evidence regarding the onset of his condition was not before VA at the time of the August 2018 rating decision, and is, by definition, new. As it may prove or disprove a matter at issue, in this case the onset of the condition, the Board finds that it is also relevant. 

New and relevant evidence having been received, the Board finds that reconsideration and readjudication of the Veteran's claim on the merits is appropriate. 

REASONS FOR REMAND

2. Entitlement to service connection for DMII is remanded

The Veteran claims that his DMII is caused by, or due to, his active duty military service. 

Initially, as discussed above, this appeal warrants readjudication on the merits based on VA's receipt of new and relevant evidence since the 2018 rating decision. Because the AOJ did not find that new and relevant evidence was received, the AOJ has not yet adjudicated the claim on the merits in connection with the current appeal. Generally, where the Board finds readjudication of a claim is warranted, but the AOJ did not, the case must be remanded for AOJ adjudication with consideration of the merits of the claim in the first instance unless there is a waiver from the appellant or no prejudice would result from the readjudication of the claim. See Hickson v. Shinseki, 23 Vet. App. 394, 399 (2010); see also Bernard v. Brown, 4 Vet. App. 384, 393-94 (1993).

One of the results of the recent AMA amendments is to narrow the set of circumstances in which the Board must remand appeals to the AOJ for further development instead of immediately remanding them directly. Nevertheless, even under the AMA, the Board still has the duty to remand issues when necessary to correct a pre-decisional duty to assist error, or to correct any other error by the AOJ in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant's claim. See 38 C.F.R. § 20.802 (a). Thus, a remand for initial readjudication on the merits is necessary as the Board is prevented from doing so in the first instance. Indeed, the Veteran has a procedural right to have one review of his appeal by the Secretary under 38 U.S.C. § 7104 (a), and the AMA amendments do not specifically revoke that right.

Thus, the Board is restricted from deciding this issue on the merits because the AOJ's June 2019 rating decision on appeal did not readjudicate the issue on the merits. The AOJ is reminded that it must fulfill the requisite duties attached to an adjudication of an issue on the merits including the duty to assist in the development of the claim as contemplated by the discussion in Hickson, and as such, a remand is required.

 (Continued on the next page)

 

The matter is remanded to for the following reason:

1. Readjudicate the claim of entitlement to service connection for diabetes mellitus type II on the merits in light of all pertinent evidence and legal authority to include fulfillment of the requisite duties attached to an adjudication of an issue on the merits including any attendant duty to assist in the development of the claim as contemplated by the discussion in Hickson, supra.

 

 

S. L. Kennedy

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Neville, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.