Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 191202-47673
DATE: September 30, 2021

ORDER

Readjudication of the claim of service connection for a low back disability is warranted; to this extent only, the appeal is granted.

Readjudication of the claim of service connection for a left leg disability is warranted; to this extent only, the appeal is granted.

Readjudication of the claim of service connection for a right leg disability is warranted; to this extent only, the appeal is granted.

Readjudication of the claim of service connection for a respiratory disability, to include COPD, is warranted; to this extent only, the appeal is granted.

Readjudication of the claim of service connection for a heart disability, including as due to a respiratory disability, to include COPD, is warranted; to this extent only, the appeal is granted.

Readjudication of the claim of service connection for tremors is not warranted.

Readjudication of the claim of service connection for hernia residuals and cysts is not warranted.

Readjudication of the claim of service connection for ulcers is not warranted.

REMANDED

Entitlement to service connection for a low back disability is remanded.

Entitlement to service connection for a left leg disability is remanded.

Entitlement to service connection for a right leg disability is remanded.

Entitlement to service connection for a respiratory disability, to include COPD, is remanded.

Entitlement to service connection for a heart disability, including as due to a respiratory disability, to include COPD, is remanded.

FINDINGS OF FACT

1. The record evidence shows that a July 2019 rating decision denied claims of service connection for low back disability, a left leg disability, a right leg disability, hernia residuals and cysts, and for ulcers.

2. New and relevant evidence was received after the July 2019 rating decision on the issues of entitlement to service connection for a low back disability, a left leg disability, and for a right leg disability.

3. New and relevant evidence was not received after the July 2019 rating decision on the issues of entitlement to service connection for hernia residuals and cysts and for ulcers.

4. The record evidence shows that a September 2019 rating decision denied claims of service connection for a respiratory disability, to include COPD, a heart disability, and for tremors.

5. New and relevant evidence was received after the September 2019 rating decision on the issues of entitlement to service connection for a respiratory disability, to include COPD, and for a heart disability.

6. New and relevant evidence was not received after the September 2019 rating decision on the issue of entitlement to service connection for tremors.

CONCLUSIONS OF LAW

1. The criteria for readjudication of the claim of service connection for low back disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

2. The criteria for readjudication of the claim of service connection for left leg disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

3. The criteria for readjudication of the claim of service connection for right leg disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

4. The criteria for readjudication of the claim of service connection for a respiratory disability, to include COPD, have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

5. The criteria for readjudication of the claim of service connection for a heart disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

6. The criteria for readjudication of the claim of service connection for tremors have not been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

7. The criteria for readjudication of the claim of service connection for hernia residuals and cysts have not been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

8. The criteria for readjudication of the claim of service connection for ulcers have not been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1967 to December 1968.

This matter is before the Board of Veterans' Appeals (Board) on appeal from an October 2019 rating decision by a Department of Veterans Affairs Regional Office (RO) under the Appeals Modernization Act (AMA). In December 2019, the Veteran submitted a VA Form 10182, Decision Review Request Board Appeal (Notice of Disagreement (NOD)) in response to the October 2019 AMA rating decision and elected Evidence Submission. 38 C.F.R. § 19.2(d). In this regard, the Board notes that, under Evidence Submission, the Veteran is allowed 90 days to submit evidence pertinent to the claims. 

New and Relevant Evidence

The claims of service connection for low back disability, right leg disability, left leg disability, hernia residuals and cysts, and ulcers were denied in a July 2019 rating decision. The claims of service connection for COPD/respiratory issues, a heart disability, and tremors were denied in a September 2019 rating decision.

The RO determined the low back disability was not incurred in or is otherwise related to service, and thus denied the claim. The RO denied the claims of service connection for right leg disability and left leg disability, as there was no current diagnosed disability for the claimed right or left leg pain and also determined that they were not related to service. The RO denied the claims of service connection for hernia residuals and cysts and his ulcers after finding the evidence did not show that the conditions, which existed prior to service, permanently worsened as a result of service. The RO determined the COPD/respiratory disability was not incurred in or is otherwise related to service and denied the claim. The RO denied the claims of service connection for a heart disability and tremors as there was no current diagnosed disability for the claimed heart disability and tremors. The RO also determined that these claimed disabilities were not related to service and no connection to COPD/respiratory disability. 

The Veteran was notified of these determinations in August and September 2019 letters which included information about his appeal rights. He did not appeal either of these decisions and they became final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. In October 2019, he filed a Decision Review Request: Supplemental Claim for the issues on appeal. In a subsequent October 2019 rating decision, the RO found new and relevant evidence was not submitted as to the issues on appeal and readjudication of the claims was not warranted. 

In order for VA to readjudicate a claim that has been previously denied, there must be "new and relevant" evidence. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(d). In this regard, "new evidence" is defined as "evidence not previously part of the actual record before agency adjudicators." Additionally, "relevant evidence" is defined as "information that tends to prove or disprove a matter at issue in a claim." 38 C.F.R. § 3.2501(a)(1). Thus, the questions in this case are whether the Veteran submitted evidence after the prior final denial of the claims of service connection for low back disability, a respiratory disability, right and left leg disabilities, hernia residuals and cysts, ulcers, a heart disability, and tremors in the Legacy appeal system and, if so, whether that evidence is new and relevant to the claims.

Readjudication of the claims of service connection for low back disability, a left leg disability, and for a right leg disability.

In a February 2020 statement, the Veteran stated that during basic training when he was heading back to the barracks with heavy gear, he had hurt his lower back and legs and a fellow service member helped him continue on the march back to barracks. He also reported that the fellow service member helped place pressure on his lower back to relieve some of the pain. The fellow service member signed off on this statement.

While the Veteran previously stated that he had back pain and leg pain since service while on active duty, the February 2020 statement contained additional details that are not contained in his previous general lay statement. Additionally, his claims were confirmed by the aforementioned service member who assisted him when he hurt his back and legs during service. This contention is new lay evidence that tends to prove that his low back disability and claimed leg disabilities were incurred during his active service or caused by an in-service disease or event. 

Additional private treatment records also were submitted in support of the claims. A January 2020 private treatment record indicated the Veteran's low back pain with lower extremity radiculopathy. 

As noted above, the leg disabilities previously did not have current diagnosis. The January 2020 private treatment record also tends to prove or disprove a matter at issue in the claim, namely, whether the Veteran has a current leg disability and that the leg disability stems from the Veteran's back issues. As new and relevant evidence was presented in connection with these claims, readjudication is warranted.

Readjudication of the claims of service connection for a respiratory disability, to include COPD, and for a heart disability.

In February 2020, the Veteran submitted articles, treatment records, and statements supporting his claim for a respiratory disability, to include COPD, and for a heart disability. Specifically, the articles indicated that COPD could cause many complications including heart problems, COPD can develop slowly over years, and chronic respiratory infections can contribute to COPD. He also submitted statements indicating that the severity of his upper respiratory infection during service was much worse than as described by the September 2019 VA negative etiological opinion for COPD and highlighted that his white blood count and severe symptoms indicated a bacterial respiratory infection. His spouse also submitted a statement indicated that the Veteran has had continued respiratory infections since military service. Additionally, he provided private treatment record in December 2019 that noted an abnormal ECG, indicating a heart condition. 

While he previously stated that his COPD stems from his service while on active duty and is related to his respiratory infection during service, the October 2019 and February 2020 statements contained additional details that are not contained in his previous lay statements. Furthermore, these statements in addition to the article submitted in support of the COPD are new evidence that tends to prove that his COPD was incurred during his active service or caused by an in-service disease or event. The article also supports the contention that the claimed heart disability is related to his COPD which supports an alternate theory of entitlement to service connection. As new and relevant evidence was presented, readjudication of these claims is warranted.

Readjudication of the claim of service connection for tremors.

During the relevant period for receipt of new and relevant evidence, additional private treatment records and statements have been associated with the claims file. Specifically, the Veteran submitted a January 2015 private treatment record noting a history of body tremors. This is not new, however, as this diagnosis is outside the appeal period on consideration and the September 2019 rating decision acknowledged reports of tremors that were prior to the appeal period on consideration. Thus, the January 2015 private treatment record is duplicative of the evidence considered by the September 2019 rating decision. 

Furthermore, the Veteran's statements regarding his tremors as related to his COPD are also duplicative to his prior statements noting the same contention. He does not provide any additional evidence or details in support of the contentions not previously considered. Ultimately, the Board finds that the evidence submitted since the September 2019 rating decision is not new and not relevant because it does not tend to prove or disprove a matter at issue and does not raise a new theory of entitlement to service connection. 

Readjudication of the claims of service connection for hernia residuals and for ulcers.

During the relevant period for receipt of new and relevant evidence, additional private treatment records and statements have been associated with the claims file. The treatment records are new because they were not before the RO at the time of the prior July 2019 and September 2019 rating decisions denial. They are not relevant, however, because they do not tend to prove or disprove a matter at issue in the claim or otherwise raise a new theory of entitlement to service connection. To this end, the Board acknowledges that these records reflect the Veteran continues to be treated for hernia residuals, cysts, and ulcers. This is not sufficient to readjudicate the claims because the existence of these diseases was established previously and whether a current disability exists is no longer at issue. Notably, the July 2019 rating decision reflects the RO made favorable findings that he had been diagnosed with hernias and ulcers. June 2019 VA treatment records were considered by the July 2019 rating decision that also noted his cysts. 

Regarding the Veteran's February 2020 statements regarding his in-service hernia and ulcers, his contentions are duplicative to those he made prior to the July 2019 rating decision, to include the use of over the counter treatment for his ulcers during military service. The July 2019 VA examiner also acknowledged the description of the hernia injury during service which was considered by the July 2019 rating decision. As the record since the July 2019 rating decision does not reflect any new evidence that may prove or disprove the nexus element of the claims for service connection, readjudication of these claims for service connection is not warranted.

REASONS FOR REMAND

Entitlement to service connection for low back disability, a left leg disability, and for a right leg disability is remanded.

A review of the evidence shows that the Veteran has not been provided a VA examination and etiological opinion for his low back and leg disabilities. Here, he has a current diagnosis of low back disability and leg disability and a review of the STRs show reports of leg cramps in conjunction with his detailed statements regarding low back pain and pain in his legs during service and continuity of symptoms since service. The Board also notes that he has reported that his leg disabilities are related to his low back disability. The Board finds a pre-decisional duty-to-assist error by the AOJ because the additional evidence triggered the low threshold for providing an examination. See McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006); see also Shade v. Shinseki, 24 Vet. App. 110, 117-18 (2010). Hence, these claims are remanded.

Entitlement to service connection for a respiratory disability, to include COPD, and for a heart disability is remanded.

The Board notes that the Veteran was previously provided a VA examination in September 2019. Once VA provides a VA examination, it has a duty to provide one that is adequate. Here, the Board notes that a review of the September 2019 VA opinion shows that the examiner did not consider the Veteran's contentions that he his ongoing respiratory infections since his military service has developed into COPD. Furthermore, the September 2019 VA examiner found there was no connection between the claimed heart disability and COPD but did not provide a rationale in support of the finding. Considering the submission of a research article which supports the Veteran's contention, to include the development of COPD from ongoing respiratory conditions and that COPD may cause heart problems, and treatment records noting the ongoing respiratory complaints and prior heart conditions, the Board finds that a pre-decisional duty to assist error has occurred and needs to be remedied by obtaining an adequate examination and opinion. Hence, these claims are remanded.

The Board finally notes that, because it found that new and relevant evidence has been submitted and readjudication of the claims for service connection for low back disability, right and left leg disabilities, COPD, and a heart disability, is warranted, remand is required so that the claims may be considered on the merits by the AOJ in the first instance. See Hickson v. Shinseki, 23 Vet. App. 394, 399 (2010); see also 38 C.F.R. § 20.802(a).

The matters are REMANDED for the following action:

1. Forward the claims file and a copy of this REMAND to an appropriate clinician for an opinion concerning the nature and etiology of the Veteran's low back disability. The decision on whether the Veteran should report for examination is left to the discretion of the clinician asked to provide the requested opinion(s). 

Based on a review of the claims file and the results of the Veteran's examination (if held), the clinician is asked to state whether it is at least as likely as not (i.e., a 50 percent or greater probability) that a low back disability is related to active service. A rationale must be provided for any opinion(s) expressed. A separate opinion and rationale should be provided for each low back disability currently experienced by the Veteran, if appropriate. If any requested opinion(s) cannot be provided without resorting to speculation, then the clinician must explain why this is so.

The clinician is advised that the lack of contemporaneous records documenting complaints of or treatment for a low back disability, alone, is insufficient rationale for a medical nexus opinion.

2. Forward the claims file and a copy of this REMAND to an appropriate clinician for an opinion concerning the nature and etiology of the Veteran's right and left leg disabilities. The decision on whether the Veteran should report for examination is left to the discretion of the clinician asked to provide the requested opinion(s).

Based on a review of the claims file and the results of the Veteran's examination (if held), the clinician is asked to state whether it is at least as likely as not (i.e., a 50 percent or greater probability) that a right leg disability is related to active service. The clinician next is asked to state whether it is at least as likely as not (i.e., a 50 percent or greater probability) that a left leg disability is related to active service. The clinician further is asked to state whether it is at least as likely as not (i.e., a 50 percent or greater probability) that a low back disability caused or aggravated a right leg disability and/or a left leg disability. A rationale must be provided for any opinion(s) expressed. A separate opinion and rationale should be provided for each of the Veteran's legs, if appropriate. If any requested opinion(s) cannot be provided without resorting to speculation, then the clinician must explain why this is so. 

The clinician is advised that the lack of contemporaneous records documenting complaints of or treatment for a right leg disability or for a left leg disability, alone, is insufficient rationale for a medical nexus opinion.

3. Forward the claims file and a copy of this REMAND to an appropriate clinician for an opinion concerning the nature and etiology of the Veteran's respiratory disability, to include COPD. If possible, this opinion should be provided by a clinician other than the clinician who provided the September 2019 medical opinion. The decision on whether the Veteran should report for examination is left to the discretion of the clinician asked to provide the requested opinion(s). 

Based on a review of the claims file and the results of the Veteran's examination (if held), the clinician is asked to state whether it is at least as likely as not (i.e., a 50 percent or greater probability) that a respiratory disability, to include COPD, is related to active service. A rationale must be provided for any opinion(s) expressed. A separate opinion and rationale should be provided for each respiratory disability, to include COPD, currently experienced by the Veteran, if appropriate. If any requested opinion(s) cannot be provided without resorting to speculation, then the clinician must explain why this is so.

The clinician is advised that the lack of contemporaneous records documenting complaints of or treatment for a respiratory disability, alone, is insufficient rationale for a medical nexus opinion. The clinician also is advised not to review or rely upon a September 2019 medical opinion in preparing his or her own medical opinion(s).

4. Forward the claims file and a copy of this REMAND to an appropriate clinician for an opinion concerning the nature and etiology of the Veteran's heart disability. If possible, this opinion should be provided by a clinician other than the clinician who provided the September 2019 opinion. The decision on whether the Veteran should report for examination is left to the discretion of the clinician asked to provide the requested opinion(s).

Based on a review of the claims file and the results of the Veteran's examination (if held), the clinician is asked to state whether it is at least as likely as not (i.e., a 50 percent or greater probability) that a heart disability is related to active service. The clinician next is asked to state whether it is at least as likely as not (i.e., a 50 percent or greater probability) that COPD caused or aggravated a heart disability. A rationale must be provided for any opinion(s) expressed. A separate opinion and rationale should be provided for each heart disability currently experienced by the Veteran, if appropriate. If any requested opinion(s) cannot be provided without resorting to speculation, then the clinician must explain why this is so. 

The clinician is advised that the lack of contemporaneous records documenting complaints of or treatment for a heart disability, alone, is insufficient rationale for a medical nexus opinion. The clinician also is advised not to review or rely upon a September 2019 medical opinion in preparing his or her own medical opinion(s).

 

 

MICHAEL T. OSBORNE

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Cheng, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.