**Connell SPAIN, Sr., Claimant–Appellant,**

**v.**

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 01–7015.**

United States Court of Appeals, Federal Circuit.

Feb. 7, 2001.

Before MAYER, Chief Judge, BRYSON and DYK, Circuit Judges.

## ON MOTION

DYK, Circuit Judge.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Connell Spain, Sr.'s appeal for lack of jurisdiction. Spain opposes.

The Court of Appeals for Veterans Claims denied Spain's petition for a writ of mandamus, ruling that Spain failed to demonstrate unreasonable delay in the processing of his remanded claims. Spain appealed to this court.

Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. *See In re Bailey,* 182 F.3d 860 (Fed.Cir.1999).

The Secretary asserts that Spain's challenges on appeal involve only factual disputes or the application of law to facts. In opposition, Spain states that the VA "failed and neglected" to process his remanded claims in a *"timely fashion,"* and that this court should remand for "appropriate mandamus relief." Spain does not assert a challenge to the validity or interpretation of a statute or regulation or a constitutional issue. Thus, our limited jurisdiction does not permit review. *See* 38 U.S.C. § 7292.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) The revised official caption is reflected above.

(4) Each side shall bear its own costs.