# United States Court of Appeals for the Federal Circuit

2007-7049

JOHN W. CONLEY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; Franklin E. White, Jr., Assistant Director; and Gregg M. Schwind, Trial Attorney. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel; and Amanda R. Blackmon, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2007-7049

JOHN W. CONLEY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-0341, Chief Judge William P. Greene, Jr.

_____

DECIDED: September 29, 2008

_____

Before MICHEL, <u>Chief Judge</u>, MOORE, <u>Circuit Judge</u>, and O'Grady,[*] <u>District Judge</u>.

MICHEL, <u>Chief Judge</u>.

John W. Conley appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") denying Conley an effective date earlier than April 9, 1992, for his service-connected major depressive disorder. <u>See</u> <u>Conley v. Nicholson</u>, No. 04-0341 (Vet. App. Aug. 30, 2006). Because we conclude that the Veterans Court correctly interpreted 38 U.S.C. § 105(a), we affirm.

_____

[*] Honorable Liam O'Grady, District Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

BACKGROUND

John W. Conley is a veteran of the United States Army, having served from June 1970 to September 1971.  In June 1971, while on leave from his post in Germany, Conley was admitted to a Department of Veterans Affairs ("VA") hospital in Omaha, Nebraska, after a suicide attempt.  Medical records from his hospitalization indicate diagnoses of "depressive neurosis" and "premorbid personality."  He was discharged from the Army after a July 1971 psychiatric examination recommended that he be separated from service due to inadaptability resulting from a "severe personality disorder."  In October 1971, Conley sought service connection for "emotional instability reaction."  However, when a November 1971 psychiatric examination diagnosed him with "[p]ersonality disorder, passive-aggressive personality," the VA Regional Office ("RO") denied his application for service connection on the grounds that a personality disorder was not a compensable disability under 38 C.F.R. § 3.303(c).  Conley chose not to appeal that decision.

Conley attempted to reopen his claim in April 1992 by requesting VA compensation for, inter alia, a nervous condition.  A psychiatric examination in May 1992 diagnosed him with "[r]ecurrent depressive disorder, rather severe" and "[b]orderline personality disorder."  The RO determined in September 1992 that Conley's claim for benefits related to a "nervous condition" was the same claim that had been denied in 1972 and that he had not presented new and material evidence to reopen the claim.  Conley disagreed and promptly appealed to the Board.

In February 1995, the Board remanded Conley's claim to the RO to obtain additional service medical records related to his June 1971 hospitalization.  After the

records were reviewed, a December 1996 rating decision found no new and material evidence. After further development, the Board denied reopening of the claim in May 1997, determining that "no new evidence which [was] not cumulative or duplicative of evidence previously received and considered and which [was] sufficiently relevant and probative" had been submitted in order to reopen the claim. Conley appealed this decision to the Veterans Court.[1]

The court remanded the matter to the Board in December 1998 with instructions to determine if Conley's new evidence (including outpatient medical records dated from March to May 1992) was material under the proper standards. See 38 C.F.R. § 3.156; Hodge v. West, 155 F.3d 1356 (Fed. Cir. 1998). In June 1999, the Board reopened Conley's claim and, after review under the correct standard, remanded the matter to the RO for readjudication. In January 2000, the RO awarded Conley service connection for "major depressive disorder with psychotic features" and assigned a 100% disability rating, effective April 9, 1992. Conley disagreed with the effective date and filed a Notice of Disagreement in January 2001, arguing that the 1972 RO decision that had denied his claim contained clear and unmistakable error ("CUE") and that he was entitled to an effective date of September 24, 1971. A May 2001 rating decision found that "no revision [was] warranted in the decision to deny service connection for a personality disorder in 1972" because the "decision was properly based on the available evidence of record at the time."

A Statement of the Case issued by the RO in December 2002 found no CUE in the 1972 RO decision and continued the effective date of April 9, 1992. Conley

---

[1] The United States Court of Veterans Appeals was renamed by Congress the United States Court of Appeals for Veterans Claims, effective March 1, 1999.

appealed to the Board, and in January 2004, the Board also denied an effective date earlier than April 9, 1992 after concluding that CUE had not been committed in the January 1972 RO decision. The Board reasoned that the 1972 decision was based on medical records indicating only a personality disorder, a condition for which compensation may not be granted under applicable law. Conley appealed to the Veterans Court, and in August the Veterans Court affirmed the Board's January 2004 decision. Conley then timely appealed to this court.

## DISCUSSION

This court may review decisions of the Veterans Court with respect to the "validity of any statute or regulation or any interpretation thereof" and may also "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We review without deference decisions of law by the Veterans Court. Moody v. Principi, 360 F.3d 1306, 1310 (Fed. Cir. 2004). "However, absent a constitutional issue, we are without jurisdiction to review a factual determination or an application of law to the particular facts in an appeal from the Court of Appeals for Veterans Claims." Id. In cases where the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of a veteran's claim, we treat the application of law to undisputed fact as a question of law. Groves v. Peake, 524 F.3d 1306, 1310 (Fed. Cir. May 1, 2008).

Conley argues that the Veterans Court misinterpreted the presumption of service connection under 38 U.S.C. § 105(a), which provides that "[a]n injury or disease incurred during active military . . . service will be deemed to have been incurred in line of duty and not the result of the veteran's own misconduct" when the veteran was in

active service, unless the injury was a result of the person's own willful misconduct or abuse of alcohol or drugs. Conley argues that the VA erred in refusing to afford him the benefit of the presumption of service connection related to a psychiatric disability, and that but for the Board's failure to apply the presumption provided by the statute, the VA would have been required to provide compensation. The sole issue presented in this appeal is whether the Veterans Court misinterpreted § 105(a).

In Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004), we clarified that a veteran seeking compensation must show more than a service-connected injury. Shedden involved a Marine Corps veteran who, after leaving the service, made a claim for service connection for post-traumatic stress disorder ("PTSD") that was subsequently denied by the RO. Id. at 1165. We held that § 105(a) affords a presumption of service connection, namely that a disability incurred or aggravated during active duty is presumed to be service-connected, unless the injury was a result of the veteran's own willful misconduct or the abuse of alcohol or drugs. Shedden, 381 F.3d at 1166 (citing 38 U.S.C. § 105(a)). However, we further explained that the fact that a veteran suffered or aggravated a service-connected disease is not enough to award compensation for future disabilities. In order to establish a right to compensation for an alleged current disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Id. at 1167. Thus, even though § 105(a) indeed establishes a presumption of service connection for a disabling disease or injury incurred or aggravated during service,

Conley was also required to show he had a disability present in 1972 that is causally related to the in-service disease or injury. See Shedden, 381 F.3d at 1167.

Here, to the extent the Veterans Court interpreted § 105(a), it did so by accepting, as it must, our language interpreting § 105(a) in Shedden, in which we explained that "the veteran seeking compensation must still show the existence of a present disability and that there is a causal relationship between the present disability and the injury, disease, or aggravation of a preexisting injury or disease incurred during active duty." See Shedden, 381 F.3d at 1167. In essence, the Veterans Court correctly held that the presumption of § 105(a) only satisfies the second element set forth in Shedden (in-service incurrence or aggravation of a disease or injury), and that Conley still had to satisfy the other two elements of the Shedden test.

Under 38 C.F.R. § 3.303(c), which Conley does not challenge, personality disorders are considered "[c]ongenital or developmental defects" for which service connection cannot be granted because they "are not diseases or injuries within the meaning of applicable legislation." Accordingly, the second element of Shedden (in-service incurrence or aggravation of a disease or injury) did not affect the 1972 decision to deny Conley's claim; instead, the claim was denied because the VA found that Conley failed to satisfy the first prong (requirement of a present disability) since his diagnosis in 1972, at the time of his claim, was for a personality disorder only. Thus, even if the VA in fact failed to apply the presumption and that constituted error, it was harmless error because Conley's claim for service connection did not meet the first of the Shedden factors.

To the extent Conley argues that evidence in the record indicated the presence of a compensable psychiatric disorder (in addition to the diagnosed personality disorder) in 1972, the VA's determination to the contrary is not reviewable by this court because it falls outside our jurisdiction. See 38 U.S.C. § 7292(d)(2) ("[The Federal Circuit] may not review [] a challenge to a factual determination."). Thus, we cannot review the VA's finding that Conley did not prove a compensable present disability at the time of his 1972 claim.

In sum, to the extent the Veterans Court's recitation of our discussion in Shedden can be considered its own interpretation of § 105(a), and not merely an application of our interpretation to the facts of this case, we agree with the Veterans Court's interpretation. We also reaffirm that the factors laid out in Shedden remain the controlling precedent in establishing service connection for a current disability.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Veterans Court affirming the Board's denial of Conley's claim for an effective date earlier than April 9, 1992.

## COSTS

No costs.