NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7039

FRANCISCO C. ALVAREZ, JR.,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Francisco C. Alvarez, Jr., of Victorville, California, pro se.

Amanda L. Tantum, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Assistant Director.   Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Kristiana Brugger, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7039

FRANCISCO C. ALVAREZ JR.

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-1337, Chief Judge William P. Greene, Jr.

_____

DECIDED:  May 7, 2010

_____

Before LOURIE, FRIEDMAN, and LINN, Circuit Judges.

PER CURIAM.

The pro se appellant, Francisco C. Alvarez, Jr., seeks disability benefits for a bilateral eye disorder, namely his loss of visual acuity during his military service.  The Board of Veterans' Appeals ("Board") denied him those benefits, and the United States Court of Appeals for Veterans Claims ("Veterans Court") affirmed.  Because his appeal raises only factual issues which we have no jurisdiction to review, we dismiss it.

I

During his four years of military service, Alvarez concededly lost visual acuity. He attributes this loss to his work as a telecommunications specialist, which involved

reading-intensive, detail-oriented work such as typing, proofreading, and upgrading manuals.

In denying him benefits, the Board found that he suffered from myopia, or "nearsightedness," which is considered a congenital refractive disorder. Under regulations of the Department of Veterans Affairs ("Department"), "[c]ongenital or developmental defects, [such as] refractive error of the eye . . . are not diseases or injuries within the meaning of applicable legislation," 38 C.F.R. § 3.303(c), and therefore are not compensable. This court has upheld the validity of that regulation. Terry v. Principi, 340 F.3d 1378 (Fed. Cir. 2003). The Board stated that "absent superimposed disease or injury, service connection may not be allowed for a refractive error of the eye, including myopia, even if visual acuity decreased in service." Because Alvarez "expressly testified at his . . . hearing that he did not incur any bilateral eye injury or trauma during his active service," the Board denied his claim. The Veterans Court affirmed, holding that the Board had a "plausible basis for its finding that the preponderance of the evidence was against the claim, and that decision [was] not clearly erroneous."

II

Under the governing statute, our jurisdiction to review decisions of the Veterans Court is limited to "any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Except for constitutional issues, we "may not review . . . a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case." Id.

§ 7292(d)(2).  Furthermore, this court cannot review the Department's determination that a veteran "did not prove a compensable present disability at the time" of his claim, because that determination is factual.  See Conley v. Peake, 543 F.3d 1301, 1305 (Fed. Cir. 2008).

Alvarez does not challenge the validity of any statute or regulation, nor does he contend that this appeal presents any constitutional issue.  Instead, he seeks service connection and disability benefits because he "incurred a vision loss while on active duty, while performing [his] assigned duties."  The Board held, however, that Alvarez suffers from myopia, a congenital condition that is not compensable under current law.  This ruling, which involves factual issues, including the application of the Department's regulation quoted above to the facts of Alvarez' case, is one we have no jurisdiction to review.

## CONCLUSION

The appeal is

## DISMISSED.

No costs.