NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARY PANTON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS**
*Respondent-Appellee.*

---

2010-7056

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 07-2296, Judge Alan G. Lance, Sr.

---

Decided: June 11, 2010

---

GARY PANTON, of South Dakota, pro se.

CORINNE A. NIOSI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the

brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and KRISTIANA M. BRUGGER, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

―――――――――――

Before NEWMAN, GAJARSA, and LINN, *Circuit Judges*.

PER CURIAM.

Gary Panton appeals from a final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his claim to an earlier effective date for his service-connected tinnitus. *See Panton v. Shinseki*, No. 07-2296, 2009 WL 5125124 (Vet. App. Dec. 29, 2009). Because Mr. Panton appeals factual determinations not within our jurisdiction, we dismiss.

## BACKGROUND

Mr. Panton served in the military from July 7, 1982 to June 28, 1983. In November 1998, he filed a compensation claim with the Department of Veterans Affairs ("VA") for "hearing damage due to heavy equipment operation" during his military service. During an audiology examination in January 1999, Mr. Panton complained of "occasional buzzing since his military days in the 1980's [in] both ears." He also reported that "tinnitus is not a problem area for him" and that "his occasional short term tinnitus" is "not out of the ordinary." The examiner diagnosed Mr. Panton as having "left-sided moderately severe hearing loss of the sensorineural type, probably related to his noise exposure from military [service] and afterwards."

In February 1999, the Regional Office ("RO") granted service connection for left ear hearing loss, but rated it as non-compensable, and denied service connection for right

ear hearing loss. The RO noted that Mr. Panton had reported buzzing in both ears since his military days, but reported during his audiology examination that tinnitus was not a problem area for him. In May 1999, the RO considered a letter from Mr. Panton's doctor who opined that Mr. Panton suffered from substantial left ear hearing loss that was not compensated by normal right ear hearing. However, the RO continued denial of his claim.

In November 1999, Mr. Panton filed a Notice of Disagreement ("NOD") with regard to the RO's denial of service connection for right ear hearing loss, but he did not file a timely Substantive Appeal in response to the Statement of the Case. Mr. Panton then sought to reopen his claim in December 2003 to seek an increased evaluation for his service-connected left ear hearing loss and service connection for right ear hearing loss. In February 2004, Mr. Panton added a claim for service connection for tinnitus. In August 2004, the RO granted service connection for tinnitus, rated as 10% disabling, effective March 1, 2004, but continued denial of the other claims.

In January 2005, Mr. Panton requested reconsideration of the effective date for his service-connected tinnitus, alleging that the failure to grant service connection for tinnitus in the February 1999 decision constituted clear and unmistakable error ("CUE"). In January 2005, the RO found that the denial of service connection for right ear hearing loss in the February 1999 rating decision was not CUE. The January 2005 decision did not discuss the tinnitus issue. In October 2005, Mr. Panton filed a NOD clarifying that he was seeking an earlier effective date for service-connected tinnitus. The Board determined that the February 1999 decision implicitly denied Mr. Panton's claim for service connection for tinnitus and that denial of that claim was not CUE.

Mr. Panton appealed the Board's decision to the Veterans Court. *See Panton v. Shinseki*, No. 07-2296, 2009 WL 5125124 (Vet. App. Dec. 29, 2009). First, the Veterans Court held that the Board should not have treated Mr. Panton's appeal as an allegation of CUE, but rather as a "direct appeal from the assigned effective date for the appellant's service-connected tinnitus." *Id.* at *2. Next, the Veterans Court considered whether Mr. Panton's November 1998 claim reasonably raised the tinnitus claim, and if so, whether the February 1999 RO decision adjudicated the claim. *Id.* at *2-3. The Veterans Court found that Mr. Panton reasonably raised a tinnitus claim in his November 1998 application and therefore inquired into whether the February 1999 RO decision resolved that claim. *Id.* at *3.

Ultimately, the Veterans Court determined that Mr. Panton had submitted both a tinnitus and hearing loss claim in 1998, but that the RO formally ruled upon only the hearing loss claim in 1999. *Id.* at *3. Applying the implicit denial rule enumerated in *Deshotel v. Nicholson*, 457 F.3d 1258, 1261 (2006) and applied in *Ingram v. Nicholson*, 21 Vet. App. 232, 243 (2007), the Veterans Court concluded that the RO's discussion of the tinnitus symptoms in the February 1999 decision "provided adequate recognition so that the appellant should have understood that his tinnitus claim had been adjudicated." *Id.* Accordingly, the Veterans Court affirmed the Board's decision, holding that the RO had implicitly denied Mr. Panton's claim for tinnitus in the February 1999 decision. *Id.* This appeal followed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002). We have jurisdiction to

review the "validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision."  38 U.S.C. § 7292(a).  We must decide "all relevant questions of law" and must set aside any regulation or interpretation thereof "other than a determination as to a factual matter" that we find "(a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) contrary to constitutional right, power, privilege, or immunity; (c) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (d) without observance of procedure required by law."     38 U.S.C. § 7292(d)(1).  Except for an appeal that presents a constitutional issue, we may not review "(a) a challenge to a factual determination, or (b) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

On appeal, Mr. Panton raises only factual issues regarding his hearing loss.  Although Mr. Panton alleges that the Veterans Court's decision involves the validity or interpretation of a statute or regulation, Mr. Panton's allegations of error are limited solely to factual issues.  For example, Mr. Panton argues that he has service-connected "hearing loss . . . in both ears," that his hearing loss was "evident the day [he] was discharged" from service, and that his hearing loss has worsened over time.  Mr. Panton alleges that the VA committed error because they "ignored the facts" regarding his hearing loss.  Mr. Panton requests that we "throw out the decision" of the Veterans Court and instead "base [our] findings on medical-general accepted evidence only."

Questions regarding the time when a disease or condition became evident, and whether it has worsened over time, are questions of fact.  *Conley v. Peake*, 543 F.3d

1301, 1305 (Fed. Cir. 2008). Factual questions such as these are excluded from the scope of this court's review. *See* 38 U.S.C. § 7292(d)(2). We have jurisdiction over only those questions involving the validity of a rule of law, statute, or regulation upon which the Veterans Court relied in making its decision. *See id.* Because Mr. Panton challenges only factual determinations and we lack jurisdiction to review them, his appeal is

## DISMISSED

No costs.