NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BURDELL VAUGHN,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1064

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2462, Chief Judge Bruce E. Kasold.

---

Decided: March 18, 2016

---

BURDELL VAUGHN, Waukegan, IL, pro se.

ZACHARY JOHN SULLIVAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

————————————

Before REYNA, WALLACH, and STOLL, *Circuit Judges.*

PER CURIAM.

Burdell Vaughn appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed the Board of Veterans' Appeals ("Board") decision finding no clear and unmistakable error ("CUE") in the Regional Office's ("RO") decision denying service connection for residuals of a back injury. *Vaughn v. McDonald*, No. 14-2462 (Vet. App. Aug. 13, 2015). For the reasons below, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Vaughn served on active duty from May to November 1972. In November 1991, Mr. Vaughn submitted a claim to the Department of Veterans Affairs ("DVA") seeking compensation for a service-connected back injury. The RO denied his claim in May 1992, determining that "this condition existed prior to service and was not aggravated during [Mr. Vaughn's] military service." Supplemental Appendix ("S.A.") 44. The RO also noted that Mr. Vaughn had failed to attend scheduled medical examinations. *Id.* Mr. Vaughn did not appeal the May 1992 decision, and it became final.

Mr. Vaughn later filed CUE claims, alleging that (1) the May 1992 RO decision incorrectly found that he suffered a pre-service spine injury that was not aggravated during service; and that (2) his notice for the scheduled examination was sent to the wrong address. The RO rejected Mr. Vaughn's CUE claims in a September 2010 decision, and the Board affirmed.

On Mr. Vaughn's first argument, the Board determined that the RO failed to apply the presumption of

soundness under 38 U.S.C. § 1111, which arises where a condition is not noted at the time of entry into service. Nevertheless, the Board concluded that "in the May 1992 decision, it is not clear and unmistakable that the outcome would have been manifestly different if the error had not been made" because "there was at that time, no evidence whatsoever of a then-current spine disability as of May 1992." S.A. 10. Addressing Mr. Vaughn's second argument of an incorrect address, the Board determined that even if the notice was sent to an incorrect address, which the record did not support, such error would amount to a failure to comply with the duty to assist, which "cannot be the basis for a CUE claim." S.A. 8 (citing *Caffrey v. Brown*, 6 Vet. App. 377, 384 (1994)).

Mr. Vaughn appealed to the Veterans Court, which affirmed the Board's decision. Mr. Vaughn now appeals to this court.

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Unless a constitutional issue is presented, we have no jurisdiction to review questions of fact or the application of a law or regulation to a particular set of facts. *Id.* § 7292(d)(2).

To be eligible for disability compensation, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." *Shedden v. Principi,* 381 F.3d 1163, 1166–67 (Fed. Cir. 2004). As we have explained, "the presumption of soundness relates to the second element

required to establish a right to disability compensation—the showing of in-service incurrence or aggravation of a disease or injury." *Holton v. Shinseki*, 557 F.3d 1362, 1367 (Fed. Cir. 2009). "The presumption of soundness . . . does not relieve the veteran of the obligation to show the presence of a current disability and to demonstrate a nexus between that disability and the in-service injury or disease or aggravation thereof." *Id.* Here, Mr. Vaughn challenges the Board's finding that there was no evidence of record at the time of the May 1992 decision that he had a then-current back disability, the first requirement for service connection. S.A. 10. But as a factual determination, "we cannot review the VA's finding that [Mr. Vaughn] did not prove a compensable present disability at the time of his . . . claim." *See Conley v. Peake*, 543 F.3d 1301, 1305 (Fed. Cir. 2008).

Mr. Vaughn further argues that the Board should have obtained and considered additional medical records and that the notices of medical examination were sent to an incorrect address. He also argues that the VA was "negligent" in failing to escort him to medical appointments as a patient in a VA medical facility. These arguments raise issues with the factual application of the duty to assist, and it is "impossible for a breach of the duty to assist to form the basis for a CUE claim." *Cook v. Principi*, 318 F.3d 1334, 1346 (Fed. Cir. 2002) (en banc). CUE must "be outcome determinative and be based on the record *that existed* at the time of the original decision." *Id.* (emphasis added). Here, the Veterans Court merely applied established law in finding no CUE, which "is fact-based and hence beyond our jurisdiction." *See Yates v. West*, 213 F.3d 1372, 1375 (Fed. Cir. 2000).

Mr. Vaughn's remaining arguments likewise fall outside our limited jurisdiction because he only disputes the Board's factual findings or the application of law to fact. For example, his argument that that Board unreasonably delayed issuing its decision is a factual dispute that we

lack jurisdiction to review. *See Spain v. Principi*, 5 F. App'x 874, 875 (Fed. Cir. 2001).

## CONCLUSION

We have considered Mr. Vaughn's remaining arguments and determine that they fail to raise any legal issue within our jurisdiction. For the foregoing reasons, we dismiss for lack of jurisdiction.

### **DISMISSED**

#### COSTS

No costs.