# United States Court of Appeals for the Federal Circuit

———————————

**JOHN B. SCOTT,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2018-1535

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-734, Chief Judge Robert N. Davis, Judge Michael P. Allen, Judge Joseph L. Toth.

———————————

Decided: April 15, 2019

———————————

CORA RENAE HOLT, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for claimant-appellant. Also represented by PAUL WILLIAM BROWNING, RONALD LEE SMITH, GUANG-YU ZHU.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT; BRIAN D. GRIFFIN, JONATHAN KRISCH,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

United States Navy veteran John Scott appeals a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the determination of the Board of Veterans' Appeals ("the Board"). The Board determined that Scott was only entitled to a disability rating under diagnostic code ("DC") 5276 on the VA's disability rating schedule and that DC 5284 was inapplicable. Because the Veterans Court improperly affirmed the Board based on rationales the Board never provided and because the Board legally erred by failing to consider DC 5284 for Scott's unlisted foot disability, we vacate and remand.

## I. BACKGROUND

### A. The Disability Rating Schedule

The Department of Veterans Affairs regulations establish a disability rating schedule that provides specific DCs for certain disabilities. *See* 38 C.F.R. § 4.71a. Relevant to this appeal, DCs 5276–5284 relate to foot conditions. DCs 5276 through 5283 identify specific foot conditions a veteran might suffer ("listed conditions"). Listed conditions include, for example, flatfoot, which is covered by DC 5276. DC 5284, on the other hand, broadly covers "Foot injuries, other," without identifying any specific condition.

In this appeal, we consider whether foot conditions not specifically listed in the rating schedule ("unlisted conditions") may be rated by analogy under DC 5284. We hold that they may and, indeed, such a rating by analogy must be considered by the Board for its determination to be complete.

### B. Procedural History

In the early 1970s, during his time serving in the Navy, Scott developed a bilateral foot disability caused by prolonged standing. J.A. 370, 2042. In August 1973, the Department of Veterans Affairs Regional Office awarded Scott service connection for bilateral pes planus (*i.e.*, flatfoot) and granted him a 0% disability rating under DC 5276. J.A. 2038. In January 1990, the Regional Office amended Scott's service connection to include a hallux valgus deformity (*i.e.*, angulation of the big toe toward the other toes) as part of his pes planus without altering his 0% disability rating under DC 5276. J.A. 1470–71. Scott's foot disability continued to progress, and, in April 2007, a Department of Veterans Affairs medical examiner diagnosed Scott with plantar fibromas (*i.e.*, masses of fibrous tissue in the arch of the foot) in addition to his prior diagnosis of pes planus with hallux valgus deformity. J.A. 1033.

Despite his new diagnosis, the Regional Office continued Scott's 0% disability rating for "bilateral pes planus with slight hallux valgus deformity" under DC 5276 without discussing service connection for his plantar fibromas. J.A. 2554–56. Scott filed a notice of disagreement and, in October 2014, after a seven-year delay, the Regional Office issued a new rating decision increasing Scott's disability rating under DC 5276 from 0% to 30%. J.A. 2131–32. The October decision did not mention Scott's plantar fibromas. Scott appealed to the Board.

On January 13, 2016, the Board issued its decision increasing Scott's disability rating from 30% to 50%. J.A. 15. The Board recognized that Scott's medical record revealed "palpable fibromas in both plantar arches" and that Scott experienced "significant pain on palpation of his plantar arches in the areas of the fibromas." J.A. 24. The Board also acknowledged that Scott's medical diagnoses included "bilateral pes planus, moderate hallux valgus deformity

bilaterally, *and plantar fibromas.*"   J.A. 24. (emphasis added).  Nonetheless, the Board did not directly address the effect of Scott's plantar fibromas on his disability rating.  Rather, the Board concluded that Scott was entitled to a 50% rating "under DC 5276 . . . for [his] bilateral pes planus" under the benefit of the doubt rule because, while he did not present all symptoms necessary for a 50% rating, the medical record showed Scott's disability as having a "chronic, progressive nature and symptomology."  J.A. 26; *see* 38 U.S.C. § 5107(b).

In reaching its conclusion, the Board noted that DC 5284 was "*not applicable*" because "the Veteran's service-connected condition, pes planus, is one of the foot condition[s] specifically listed in [the diagnostic code]" and "to rate his pes planus under DC 5284 would constitute an impermissible rating by analogy."  J.A. 26–27 (emphasis added).  The Board stated, moreover, that all of Scott's symptomatology was "being compensated for in the increased evaluation provided under DC 5276."  J.A. 27.  Finally, the Board acknowledged that, while it is required to consider a veteran's entitlement to a higher evaluation under other DCs, here, "analogous ratings for impairment of the foot either *are not applicable* to the Veteran's case or do not offer a higher disability rating."  J.A. 27 (emphasis added).

Scott appealed to the Veterans Court, arguing that the Board erred in failing to consider DC 5284 for his plantar fibromas or adequately explain why DC 5284 did not apply.  On July 19, 2017, the Veterans Court affirmed the Board's decision in a single-judge memorandum decision.  *Scott v. Shulkin*, No. 16-0734, 2017 WL 3045899, at *1 (Vet. App. July 19, 2017).  The Veterans Court found that the Board's "selection" of DC 5276 over DC 5284 was not arbitrary and capricious because (1) the Board had considered the evidence of record and concluded that "DC 5276 most nearly approximated his symptoms," and (2) evaluating Scott's plantar fibromas under multiple DCs would have

constituted impermissible pyramiding under 38 C.F.R. § 4.14. *Id.* at *1–2.

Scott sought reconsideration or, in the alternative, a panel decision. J.A. 5. The Veterans Court denied Scott's motion for reconsideration and a panel affirmed the single-judge memorandum decision on November 16, 2017. J.A. 5–6. The Veterans Court entered final judgment on December 8, 2017. This appeal followed.

## II. DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), we may review the validity of a Veterans Court's decision on "a rule of law or of any statute or regulation . . . or any interpretation thereof" that the Veterans Court relied on in making its decision. Unless the case presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Where, as here, the material facts are undisputed "and the adoption of a particular legal standard would dictate the outcome of a veteran's claim, we treat the application of law to undisputed fact as a question of law." *Conley v. Peake*, 543 F.3d 1301, 1304 (Fed. Cir. 2008).

Because Scott's appeal concerns the Veterans Court's interpretation of a rule of law—namely, the applicability of DC 5284 in the context of disabilities both listed and not listed in the VA's schedule of ratings—and because it is undisputed that Scott suffers from an unlisted service-connected foot condition, we have jurisdiction. *See, e.g., Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013) ("[W]e may

consider whether the Veterans Court failed to consider a controlling rule of law in reaching its decision.").[1]

Scott raises two arguments on appeal: (1) the Board and the Veterans Court legally erred by failing to consider DC 5284 for Scott's unlisted foot disability, plantar fibromas; and (2) the Veterans Court legally erred by substituting new rationales for the Board's decision. We agree with Scott on both points.

### A. The Board Is Required to Consider DC 5284 When Evaluating Unlisted Conditions

It is undisputed that Scott suffers from three service-connected conditions, among others: pes planus, hallux valgus (as part of his pes planus), and plantar fibromas. *See* Appellant Br. 4; Appellee Br. 3–4, 7. Pes planus is a listed condition; plantar fibromas is not. Because pes planus is a listed condition, the Board found DC 5284 inapplicable to Scott's disability rating determination. That was legal error.

The Veterans Court first addressed the applicability of DC 5284 to listed conditions for foot-related disabilities in *Copeland v. McDonald*, 27 Vet. App. 333 (2015). There, veteran Ulysses Copeland suffered from two listed conditions: bilateral pes planus and hallux valgus. *Id.* at 335. While the Board granted Copeland a disability rating under DCs 5276 and 5280 (covering pes planus and hallux valgus, respectively), Copeland argued that he was entitled to a higher rating under DC 5284, which he contended was a "catch-all" for all foot conditions. *Id.* at 336. The

---

[1]     While some factual questions remain open—including, for example, which diagnostic code will ultimately apply and the final disability rating to which Scott is entitled—Scott does not ask us to make those findings on appeal or apply the law to those facts, *see* Reply Br. 2, nor could we under § 7292(d)(2).

Veterans Court disagreed, holding that, "as a matter of law, DC 5284 does not apply to the eight foot conditions specifically listed" in the rating schedule. *Id.* at 338. The court explained that a listed condition must be rated "under the DC that specifically pertains to it." *Id.* at 337. Unlisted conditions, on the other hand, "may be rated by analogy under the DC for 'a closely related disease or injury.'" *Id.* at 336 (quoting 38 C.F.R. § 4.20 (2014)). Because Copeland's foot conditions were both listed in the rating schedule under specific diagnostic codes, rating them under DC 5284 would have constituted an impermissible rating by analogy. *Id.* at 338.

Less than a year after *Copeland*, the Veterans Court addressed the applicability of DC 5284 to unlisted conditions in *Yancy v. McDonald*, 27 Vet. App. 484 (2016). Veteran Nathan Yancy was diagnosed with both listed and unlisted conditions, but the Board based its disability rating solely on Yancy's listed condition, pes planus. *Id.* at 493. On appeal, the Veterans Court vacated and remanded the Board's decision. *Id.* at 497. The court explained that, in *Copeland*, it held that "*listed* conditions could not be rated by analogy" under DC 5284 but that it had not addressed "whether *unlisted* conditions may be rated by analogy under that DC." *Id.* at 491 (emphases added). Looking to the language of the rating schedule and its underlying statutory and regulatory framework, the Veterans Court concluded that "the plain meaning of the word 'injury' limits the application of DC 5284 to disabilities resulting from actual injuries to the foot, as opposed to disabilities caused by, for example, degenerative conditions," but that "nothing prevents the Board from rating closely related conditions by analogy under that DC." *Id.* at 493. Accordingly, the court held that unlisted conditions may be rated by

analogy under DC 5284. *Id.* The Veterans Court has since followed that procedure in several other cases.[2]

We adopt the Veterans Court's approach as set forth in these cases. Under *Copeland* and *Yancy*, the Board is obligated to consider analogous DCs, including DC 5284, when rating unlisted conditions, despite the presence of listed conditions. The Board here failed to follow this rule. While the Board discussed Scott's plantar fibromas in its recitation of the medical record (*see* J.A. 23–24), it failed to consider whether Scott was entitled to a disability rating for that unlisted condition. At most, the Board treated Scott's unlisted condition (plantar fibromas) as a symptom of his

---

[2]    *See, e.g., Rolen v. Wilkie*, No. 17-3176, 2018 WL 4616298, at *2 (Vet. App. Sept. 25, 2018) (finding remand warranted because Board failed to address evidence of veteran's unlisted symptoms "or explain whether these symptoms are analogous to the symptoms of pes planus" such that they were appropriately rated under DC 5276); *Tyner v. McDonald*, No. 15-1113, 2016 WL 6885866, at *2–3 (Vet. App. Nov. 23, 2016) (finding the Board's reasoning "for the selection of DC 5276, considered in isolation, . . . does not provide an adequate explanation for the exclusion of DC 5284 as an alternative possibility" and the Board's failure to consider whether the veteran's unlisted condition might be rated by analogy to DC 5284 "render[ed] its statement of reasons or bases inadequate, requiring remand"); *Stacy v. McDonald*, No. 14-4396, 2016 WL 1719132, at *1 (Vet. App. Apr. 29, 2016) (remanding to Board for consideration in the first instance whether veteran's unlisted condition deserves to be rated separately under DC 5284 because a finding that the veteran's pain was associated with a listed disability "does not explain why the [unlisted] disability itself does not warrant a separate rating under its own DC").

pes planus, rather than a separate condition, without making any factual finding to support that analysis.

While the Secretary is correct that "there can be no doubt that the [B]oard considered the prospect of an additional rating under DC 5284," Appellee Br. 16, the Board's analysis focused on the wrong condition. That is, the Board was correct that rating Scott's pes planus or hallux valgus under DC 5284 would be improper under *Copeland*, but the Board failed to consider Scott's unlisted condition—plantar fibromas—under DC 5284 and, instead, found DC 5284 negated by Scott's pes planus. This is directly contrary to *Yancy*. Rather, the Board was required to consider "whether [the veteran's] unlisted conditions could be rated by analogy pursuant to DC 5284." *Yancy*, 27 Vet. App. at 493. Because the Board failed to consider the applicability of DC 5284 to Scott's unlisted condition, its analysis solely under DC 5276—without any factual finding that the two conditions constituted one disability properly rated under that DC—is not in accordance with law.

The Board's broad statement, moreover, that "all of [Scott's] symptomatology is being compensated for in the increased evaluation provided under DC 5276" does not mitigate the Board's error. J.A. 27. The Board made no factual findings to support this conclusion. For example, the Board never considered whether Scott was entitled to a disability rating for his unlisted condition under DC 5284 or whether a higher rating would be available to cover "all of his symptomatology." Nor did the Board determine whether Scott's unlisted condition was more properly considered an additional symptom of his pes planus, rather than a separate diagnosis, such that a rating only under DC 5276 was appropriate. Without these factual findings, the Board's decision cannot stand. *See Allday v. Brown*, 7 Vet. App. 517, 527 (1995).

### B. The Veterans Court Wrongly Substituted
### New Rationale for the Board's Decision

The Veterans Court compounded the Board's error by both failing to correct it and by substituting new rationales of its own. First, despite Scott specifically citing *Yancy* and raising this argument in his brief to the court (*see* J.A. 2571–74), the Veterans Court never addressed the applicability of DC 5284 to Scott's unlisted conditions nor corrected the Board's failure to do so. The Veterans Court, instead, proceeded as though the Board made factual findings to determine that Scott's plantar fibromas and pes planus presented the same symptomatology and were properly compensated under DC 5276. *Scott*, 2017 WL 3045899, at *1–2. But, as addressed above, the Board made no such findings.[3]

Second, the Veterans Court found that rating Scott's plantar fibromas under DC 5284 would have been

---

[3]    The Veterans Court, moreover, conflated the findings the Board did make. Rather than "select[]" DC 5276 over DC 5284, the Board found that Scott's symptoms "more nearly approximate the criteria for a 50 percent disability rating under DC 5276," despite Scott not yet satisfying the full criteria for a 50% rating. J.A. 26. That is, the Board evaluated whether Scott was entitled to a 30% or a 50% rating under DC 5276 and concluded that 50% "best reflects the disability picture shown." J.A. 26. The Board did not, as the Veterans Court finds, evaluate whether DC 5276 or DC 5284 "most nearly approximate[d] his symptoms." In fact, the Board could not have made that finding given its failure to address whether Scott's conditions were properly treated as one disability or whether Scott's plantar fibromas was entitled to a separate rating and, if so, which diagnostic code would grant Scott a higher disability rating. The Veterans Court cannot make those findings in the first instance on appeal.

impermissible pyramiding. *See* 38 C.F.R. § 4.14. But, beyond broadly listing plantar fibromas among Scott's medical history, the Board made no findings to support treating Scott's two conditions as one disability such that the rule against pyramiding would even apply. *See Fanning v. Brown*, 4 Vet. App. 225, 231 (1993) ("When the Board finds appellant is not entitled to a separate rating for a disability due to pyramiding, the decision must include an explanation of the [Board's] reasons for so concluding according to the applicable law and regulations."). The Veterans Court cannot simply "chisel that which must be precise from what the agency has left vague and indecisive." *SEC v. Chenery Corp.*, 332 U.S. 194, 197 (1947).

## III. CONCLUSION

For the foregoing reasons, we vacate the Veterans Court's decision upholding the Board's determination and remand for proper consideration of Scott's foot disabilities under DC 5284.

**VACATED AND REMANDED**

COSTS

Costs to Appellant.