NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JAMES E. HARRIS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2019-1822

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-244, Judge Joseph L. Falvey, Jr.

_____

Decided: August 9, 2019

_____

JAMES E. HARRIS, Stockton, CA, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; MARTIE ADELMAN, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before NEWMAN, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Pro se appellant James E. Harris appeals a decision of the United States Court of Appeals for Veterans Claims that affirmed a decision by the Board of Veterans' Appeals denying Mr. Harris an effective date earlier than April 13, 2000 for service connection for schizophrenia and posttraumatic stress disorder. *Harris v. Wilkie*, No. 18-244 (Vet. App. Mar. 20, 2019). Because we lack jurisdiction to review any of the issues raised in Mr. Harris's appeal, we dismiss.

I

Mr. Harris is a Veteran of the Vietnam War. In August 1992, he submitted a claim to the Department of Veterans Affairs for non-service connected pension benefits for injuries to his left foot, right arm, and back.[1] Four years later, while his 1992 claim was on remand from the Board, Mr. Harris submitted a new claim for service connection for psychosis. The VA examined Mr. Harris in August 1997, and diagnosed him with paranoid schizophrenia. But the VA denied his claim for service connection for psychiatric disability in September 1997 because there was no evidence that his paranoid schizophrenia was related to his service. Appx 81.[2] Instead, the VA found that "[p]ost service treatment records show a diagnosis of schizophrenia many years after service." *Id.* Mr. Harris did not appeal the VA's 1997 rating decisions.

---

[1] The VA granted his non-service connected pension claim in April 1997.

[2] Citations to Appx herein refer to the appendix submitted with Respondent-Appellee Robert Wilkie's informal brief.

In April 2000, Mr. Harris filed a claim to reopen the 1997 denial of his claim for service connection for schizophrenia on the ground of new and material evidence. On March 19, 2004, the VA granted Mr. Harris service connection for schizophrenia and PTSD, rated 100 percent disabling with an effective date of April 13, 2000. Mr. Harris did not appeal the VA's effective date determination. Instead, he subsequently sought an earlier effective date based on clear and unmistakable error (CUE) in the 2004 decision. The Board denied his CUE claim in September 2015, and Mr. Harris did not appeal that decision.

Mr. Harris also filed a separate CUE claim challenging the VA's 1997 rating decisions. Through counsel, he alleged multiple bases of CUE and argued that he was entitled to an effective date of August 5, 1996, the day he filed his claim for service connection for psychosis. First, Mr. Harris claimed that the September 1997 decision contained CUE because the VA failed to review all of his service treatment records, and it was "unclear if all of [his service records] were before the reviewers of the 1997 decision although they were presumptively in the VA's possession at the time." Appx 16. He thus argued that he was entitled to an earlier effective date under 38 C.F.R. § 3.156(c).[3] Second, he argued that the September 1997 decision contained CUE because the VA did not provide him a psychiatric examination to determine whether his schizophrenia related to his service. Finally, he argued that there was CUE in the April 1997 decision because the VA failed to adjudicate an inferred claim of service connection for PTSD.

---

[3] Under 38 C.F.R. § 3.156(c)(1), "at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim . . . ."

The Board denied Mr. Harris's challenge, finding that he failed to show CUE in either the April or September 1997 decisions.  Mr. Harris appealed the Board's decision to the Veterans Court pro se, and the court affirmed.  The court found that "at the time of the 1997 rating decisions, there was no evidence of record indicating a nexus between Mr. Harris's psychiatric disabilities and his service and any failure by VA to obtain such evidence cannot form the basis of CUE." Appx 2.  The court rejected Mr. Harris's assertion that the VA should have reconsidered his claim under § 3.156(c).  It noted that the new information considered in the 2004 VA decision was obtained after the 1997 decisions, so it cannot form the basis for CUE, as review for CUE looks only to the record before the agency as it existed at the time of the decision.  Moreover, the Board's 2015 decision found that the VA did not err when it declined to reconsider Mr. Harris's claim under § 3.156(c) in 2004, and Mr. Harris did not appeal the 2015 Board decision.  Finally, the court found that "even if VA failed to adjudicate a reasonably raised claim in the April 1997 rating decision, this was remedied when VA denied service connection for a psychiatric disability in the September 1997 decision."  Appx 4.

Mr. Harris now appeals.

## II

Our jurisdiction over appeals from the Veterans Court is limited by statute.  *Scott v. Wilkie*, 920 F.3d 1375, 1377–78 (Fed. Cir. 2019).  We may review "the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision."  38 U.S.C. § 7292(a).  Unless an appeal presents a constitutional issue, we may not review factual challenges or the application of law to fact.  *Id.* § 7292(d)(2).

We do not possess jurisdiction to review Mr. Harris's appeal because he only challenges factual determinations or application of law to fact. The Veterans Court did not interpret any statute or regulation. And Mr. Harris does not claim that the Veterans Court misapplied a rule of law. Instead, he claims that the VA was in possession of his service records in 1997 but failed to consider those records.[4]

Whether all of Mr. Harris's records were before the VA and considered in 1997 are factual determinations. And whether the VA should have granted Mr. Harris service connection for schizophrenia and PTSD on the record before it in 1997 involves the application of the law governing CUE claims to the facts of Mr. Harris's case. Similarly, the Veterans Court's finding that the "merits of [the 2015 Board decision] are not before us," Appx 5, involves factual determinations and the application of law to fact. Thus, Mr. Harris's appeal does not raise any issue over which we possess jurisdiction. Accordingly, we dismiss.

**DISMISSED**

No costs.

---

[4]    To the extent Mr. Harris challenges the VA's denial of his 1981 claim for service connection for a skin disorder resulting from Agent Orange exposure, he did not raise that claim before the Veterans Court, so we do not address it here. *See Emenaker v. Peake*, 551 F.3d 1332, 1337 (Fed. Cir. 2008) ("In order to present a legal issue in a veteran's appeal, the appellant ordinarily must raise the issue properly before the Veterans Court; with limited exceptions, appellate courts do not consider issues that were not raised in the tribunal from which the appeal is taken . . . .").