NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHERRIE A. HOLLIE,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1486

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-1265, Chief Judge Margaret C. Bartley.

---

Decided: June 3, 2020

---

CHERRIE A. HOLLIE, Oakland, CA, pro se.

DAVID PEHLKE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.

---

Before NEWMAN, LOURIE, and SCHALL, *Circuit Judges.*

PER CURIAM.

## DECISION

Cherrie A. Hollie appeals the November 27, 2019 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Hollie v. Wilkie*, No. 19-1265, 2019 WL 6334692 (Vet. App. Nov. 27, 2019).  In that decision, the Veterans Court affirmed the December 27, 2018 decision of the Board of Veterans Appeals ("Board") that denied Ms. Hollie recognition as the surviving spouse of veteran Charlie Hollie for purposes of entitlement to survivor benefits.  Suppl. App. 8.  For the reasons stated below, we dismiss for lack of jurisdiction.

## DISCUSSION

### I.

Mr. Hollie served on active duty in the U.S. Marine Corps from June of 1960 to June of 1964.  He served in the U.S. Navy from August of 1964 to August of 1968.  The Hollies married in July of 1970 and divorced in April of 1976.  Mr. Hollie died in March of 2009.  His death certificate listed his marital status as divorced.  *Hollie*, 2019 WL 6334692 at *1.

In February of 2015, Ms. Hollie filed a claim for survivor benefits.  A VA regional office ("RO") in due course denied the claim.  The RO stated that Ms. Hollie could not qualify for benefits as a surviving spouse because, at the time of Mr. Hollie's death, she and Mr. Hollie were divorced.  *Id.*

Following the RO's decision, Ms. Hollie appealed to the Board.  As noted, in its December 27, 2019 decision, the Board denied Ms. Hollie's claim for survivor benefits.  The Board did so on the ground that Ms. Hollie did not qualify as a "surviving spouse" under 38 C.F.R. § 3.50(b).  That regulation defines a "surviving spouse" for purposes of death

benefits as "the spouse of the veteran at the time of the veteran's death." 38 C.F.R. § 3.50(b). Since Ms. Hollie was divorced from Mr. Hollie at the time of his death, she could not satisfy the regulation's requirement. Suppl. App. 9–11.

As noted, the Veterans Court affirmed the decision of the Board. The court stated that, "[i]n this case, the law is dispositive and requires that a person be married to a veteran at the time of the veteran's death to qualify as a surviving spouse for the purposes of [dependency and indemnity compensation ("DIC")] and [a] survivor death pension." *Hollie*, 2019 WL 6334692 at *3. The court noted Ms. Hollie's argument that she met the requirements for benefits under 38 C.F.R. § 3.54 because she was married to Mr. Hollie for over a year and they had a child during their marriage. *Id.* at *2. As the court explained, however, § 3.54 applies only to those who qualify as a "surviving spouse." *Id.* at **2, 4. The court concluded: "[T]he Board did not clearly err and provided adequate reasons or bases for its determination that Ms. Hollie does not qualify as a surviving spouse for DIC and survivor death pension purposes." *Id.* at *4. Following the Veterans Court's decision, Ms. Hollie appealed to us.

## II.

Our ability to review a decision of the Veterans Court is limited. *Scott v. Wilkie*, 920 F.3d 1375, 1377–78 (Fed. Cir. 2019). "Pursuant to 38 U.S.C. § 7292(a), we may review the validity of a Veterans Court's decision on 'a rule of law or of any statute or regulation . . . or any interpretation thereof' that the Veterans Court relied on in making its decision." *Id.* (omission in original). "Unless the case presents a constitutional issue, we 'may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Id.* (citing 38 U.S.C. § 7292(d)(2)).

## III.

As seen, the Board determined that Ms. Hollie is not entitled to benefits because she does not qualify as a "surviving spouse" under 38 C.F.R. § 3.50(b).  On appeal, Ms. Hollie does not challenge the validity of § 3.50(b).  Neither does she argue that, in affirming the Board's decision, the Veterans Court erred in interpreting the regulation, and she does not raise a constitutional issue.  Rather, as she did before both the Board and the Veterans Court, she maintains her argument for benefits under 38 C.F.R. § 3.54 and advances various equitable arguments as to why she should receive survivor benefits.  While we are sympathetic to Ms. Hollie's circumstances, we are unable to consider her arguments.  That is because they all, in one way or another, challenge the Veterans Court's application of the law, in this case 38 C.F.R. § 3.50(b), to the facts of her case.  As noted above, the statute that gives us the power to review decisions of the Veterans Court bars us from considering the kinds of arguments that Ms. Hollie is making.  For this reason, the only course available to us is to dismiss Ms. Hollie's appeal for lack of jurisdiction.

### CONCLUSION

For the foregoing reasons, Ms. Hollie's appeal is dismissed for lack of jurisdiction.

### DISMISSED

### COSTS

No costs.