NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARYL R. BLANTON,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2009

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3138, Judge Michael P. Allen.

---

Decided:  August 3, 2020

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ERIC LAUFGRABEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by ETHAN P. DAVIS, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

——————————

Before REYNA, SCHALL, and STOLL, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## DECISION

Daryl R. Blanton appeals the March 14, 2019 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Blanton v. Wilkie*, No. 17-3138, 2019 WL 1177988 (Vet. App. Mar. 14, 2019). In that decision, the Veterans Court affirmed the May 24, 2017 decision of the Board of Veterans' Appeals ("Board") that denied Mr. Blanton an effective date earlier than April 14, 1998, for a grant of service connection for a nervous condition. J.A. 115. The Board did so because it found no clear and unmistakable error ("CUE") in the February 6, 1997 rating decision that denied Mr. Blanton service connection for the condition. *Id.* For the reasons stated below, we *affirm*.

## DISCUSSION

### I.

In its decision, the Veterans Court held that Mr. Blanton had failed to demonstrate error in the Board's finding that Mr. Blanton had not shown CUE in the 1997 rating decision under the standard set forth in *Russell v. Principi*, 3 Vet. App. 310, 313–14 (1992) (en banc). The Veterans Court recited the standard as follows:

> CUE is established when (1) either the correct facts as they were known at the time were not before the adjudicator, the adjudicator made an erroneous factual finding, or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the alleged error is "undebatable," rather than a mere "disagreement as to how the facts were weighed or evaluated"; and (3) the error "manifestly changed the outcome" of the decision.

*Blanton*, 2019 WL 1177988, at \*2 (footnote omitted) (quoting *Russell*, 3 Vet. App. at 313–14, 319).

## II.

On appeal, Mr. Blanton makes two arguments. His main argument is that "the decision of the Veterans Court to affirm the Board's adverse CUE decision is erroneous because it relied upon a misinterpretation of the plain language of the predicate [CUE] statute, 38 U.S.C. § 5109A." Appellant's Br. 4. The basis for this argument is Mr. Blanton's claim that the CUE standard set forth in *Russell* no longer should be followed because it was dicta and lacks support in the statute. *Id.* at 4–5, 7–25.

We need not decide, however, whether *Russell*'s articulation of the requirements for establishing CUE was dicta. The reason is that this court has adopted the *Russell* test as controlling law. In *Cook v. Principi*, 318 F.3d 1334, 1345 (Fed. Cir. 2002) (en banc), we stated:

> We conclude that decisions of this court and the Veterans Court concluding that a clear and unmistakable error at the [Regional Office ("RO")] level must be outcome determinative and must be apparent from the evidence of record at the time of the original decision are supported by the language of 38 U.S.C. § 5109A and its legislative history. We therefore reject Mr. Cook's request that we overturn existing law to that effect.

*Id.* (footnote omitted); *see also Morris v. Shinseki*, 678 F.3d 1346, 1351 (Fed. Cir. 2012); *Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008); *Natali v. Principi*, 375 F.3d 1375, 1382 (Fed. Cir. 2004).

At oral argument, counsel for Mr. Blanton acknowledged that, as a panel, we are bound by the en banc precedent of *Cook*. Oral Arg. at 10:05–11:09, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=19-2009.mp3. He also acknowledged that, for that reason, in

order for Mr. Blanton to succeed in his appeal, the full court would have to reconsider *Cook* en banc and overrule it. *Id.* As a panel, we could recommend that course of action. *See* Federal Circuit Rule 35(a)(1); *Henderson v. Shinseki,* 589 F.3d 1201, 1203 (Fed. Cir. 2009), *rev'd,* 562 U.S. 428 (2011). We decline to do so, however. In *Cook*, we expressly stated that we did not think a change with respect to the requirements for establishing CUE was "warranted." 318 F.3d at 1344.

## III.

Mr. Blanton's second argument on appeal is that, even if the *Russell* test remains controlling law, we still should reverse the decision of the Veterans Court. In making this argument, Mr. Blanton states that the Veterans Court "erroneously affirmed the Board's adverse decision based on its misinterpretation of the specificity required to allege CUE" as set out in *Fugo v. Brown*, 6 Vet. App. 40 (1993). Appellant's Br. 25. What we understand Mr. Blanton to be referring to is the Veterans Court's ruling that it would not consider a new argument in support of his theory that in 1997 the RO misapplied the presumption of soundness. The purported new argument was that a laceration on Mr. Blanton's arm was an in-service manifestation of a mental disorder. In rejecting the argument, the court stated, "Appellant has not shown with the requisite degree of specificity that this argument was asserted before the Board as a reason that there was CUE in the 1997 RO decision based on a misapplication of the presumption of soundness." 2019 WL 1177988, at *3.

Mr. Blanton's second argument rests on a challenge to the Veterans Court's application of the law of issue exhaustion to the facts of his case. It thus amounts to an argument that is beyond the scope of our jurisdiction. *See Scott v. Wilkie,* 920 F.3d 1375, 1377–78 (Fed. Cir. 2019) (reciting jurisdictional limitations on Federal Circuit review of Veterans Court decisions). We therefore cannot consider it.

CONCLUSION

For the foregoing reasons, the decision of the Veterans Court affirming the decision of the Board is affirmed.

**AFFIRMED**