NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARLTON A. PACE,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1211

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5272, Judge Grant Jaquith.

---

Decided: July 22, 2025

---

JOHN D. NILES, Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by MARK RYAN LIPPMAN, The Veterans Law Group, Poway, CA.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY; LOREN MISHA PREHEIM; CHRISTOPHER O. ADELOYE, DEREK

SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, REYNA, and STARK, *Circuit Judges*.

REYNA, *Circuit Judge*.

Carlton A. Pace appeals from a final decision of the United States Court of Appeals for Veterans Claims that affirmed the Board of Veterans' Appeals' determination that his April 3, 2006 rating decision did not contain clear and unmistakable error, or CUE. For the reasons stated below, we affirm.

## BACKGROUND

Carlton A. Pace served on active duty in the United States Navy from July 1985 to August 1985. In 1998, the Department of Veterans Affairs ("VA") granted him service connection for major depression and assigned a 10% disability rating. After Mr. Pace's September 1998 VA exam showed worsening depression symptoms, the VA increased the rating to 100% effective December 3, 1998. The VA noted that Mr. Pace would be scheduled for a future exam because his condition was subject to change. In May 1999, Mr. Pace requested a permanent 100% rating. The VA denied this request, reasoning that Mr. Pace's condition could improve before his VA reevaluation exam in 2001.

In April 2001, a VA exam showed that Mr. Pace was enrolled in college and working part-time, despite his continued depression. The next month, the VA continued his 100% rating because, although there was evidence his condition was improving, there was "no evidence showing *sustained improvement*." J.A. 31 (emphasis added); J.A. 34. Later, at Mr. Pace's July 2005 exam, the VA found that he was married, socially active, working part-time, and not anxious or depressed. In August 2005, the VA proposed reducing his rating to 50% based on the July 2005

exam and his 2002–2005 medical records. The VA adopted the 50% reduction on April 3, 2006. Mr. Pace did not appeal the April 2006 rating decision, and thus the rating decision became final.

In February 2015, Mr. Pace filed a motion with the Board of Veterans' Appeals ("Board"), alleging that his April 2006 rating decision contained clear and unmistakable error ("CUE"). Mr. Pace alleged the VA failed to comply with 38 C.F.R. § 3.343(a). Section 3.343(a) provides that a total disability rating will not be reduced "without examination showing material improvement." 38 C.F.R. § 3.343(a). Mr. Pace argued that the VA failed to compare his April 2001 exam (which continued his 100% rating) with his July 2005 exam (which reduced it to 50%)—a comparison he asserted would have shown no material improvement. The Board denied that motion, and Mr. Pace appealed.

In November 2021, the United States Court of Appeals for Veterans Claims ("Veterans Court") vacated and remanded the Board's decision, determining that the Board failed to adequately address Mr. Pace's failure to compare argument. On remand, the Board denied the motion, finding that the VA correctly applied both §§ 3.343 and 3.344. Section 3.344 requires a showing of "sustained improvement" to reduce ratings in effect for five years or more where the condition is subject to temporary improvement. 38 C.F.R. § 3.344(a), (c). The Board determined a reasonable person could conclude there was "sustained material improvement" in Mr. Pace's condition, and therefore the Board found no CUE in the April 2006 rating decision. J.A. 13, 22–23. The Veterans Court affirmed the Board's finding of no CUE.

Mr. Pace timely appealed to this court. We have jurisdiction under 38 U.S.C. § 7292(a).

STANDARD OF REVIEW

Our jurisdiction to review decisions of the Veterans Court is defined by statute. *Scott v. Wilkie*, 920 F.3d 1375, 1377 (Fed. Cir. 2019). We may review "any challenge to the validity of any statute or regulation or any interpretation thereof" in an appeal from a Veterans Court decision. 38 U.S.C. § 7292(c). We may also "interpret constitutional and statutory provisions" when such issues are "presented and necessary to a decision." *Id.* Unless a constitutional challenge is presented, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We review claims of legal error in a decision of the Veterans Court without deference. *George v. McDonough*, 991 F.3d 1227, 1233 (Fed. Cir. 2021), *aff'd*, 596 U.S. 740 (2022).

DISCUSSION

I.

Mr. Pace challenges the Veterans Court's determination that the Board correctly concluded there was no CUE in the VA's April 3, 2006, rating reduction decision. Appellant Br. 17; *see also* Appellant Reply Br. 6. A motion for revision based on CUE is a statutorily authorized collateral attack on a final decision of the Board that, if successful, results in a "reversed or revised" decision having "the same effect as if [it] had been made on the date of the [original] decision." *See* 38 U.S.C. § 7111(a)–(b). CUE is a "very specific and rare kind of error." *See* 38 C.F.R. § 3.105(a)(1). To prove CUE, a claimant must demonstrate three elements: (1) "[e]ither the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions *extant at the time* were incorrectly applied," (2) the error is "undebatable," meaning reasonable minds could not differ, and (3) the error would have "manifestly changed the outcome at the time it was made." *George*, 991 F.3d at 1233 (citation omitted) (emphasis in

original); *see also Siples v. Collins*, 127 F.4th 1325, 1330 (Fed. Cir. 2025).  This analysis "must be based on the record and the law that existed at the time of the prior adjudication in question."  *George*, 991 F.3d at 1233 (citation omitted).

## II.

Mr. Pace asserts that both the Veterans Court's and the Board's decisions were based on a misunderstanding of what is necessary to reduce a total disability rating under 38 C.F.R. §§ 3.343(a) and 3.344(a).  Appellant Br. 8–17.  Mr. Pace contends that the Veterans Court erred in holding that the regulations permit rating reductions based on "a single showing of *sustained material improvement*" in the entire medical record.  *Id.* at 8 (emphasis added).  Rather, he contends the regulations require two separate evidentiary showings: (1) an initial showing of "material improvement" under § 3.343(a) that is based on only a comparison of the most recent examinations supporting the rating continuation and reduction, and (2) a secondary showing of "sustained material improvement" under § 3.344(a) that is based on a review of the entire record.  *Id.* 8–9; *see also* Appellant Reply Br. 2–5.

We disagree with Mr. Pace's assertion that the Veterans Court's understanding of §§ 3.343(a) and 3.344(a) warrants finding CUE.  Mr. Pace's challenge implicates only the first element of CUE, i.e., an incorrect application of a regulation.  "[A] legal-based CUE requires a misapplication of the law *as it was understood at that time*, and cannot arise from a subsequent change in interpretation of law by the agency or judiciary[.]"  *George*, 991 F.3d at 1229 (emphasis added).  Thus, the relevant inquiry here is whether the Board misinterpreted the requirements for reducing a total disability rating based on how the disputed regulations were understood in April 2006.  *Siples*, 127 F.4th at 1332.

The Veterans Court's decision in *Collier v. Derwinski*, 2 Vet. App. 247 (1992), establishes its understanding of the disputed regulations at the time relevant to this appeal. This is because *Collier* predates Mr. Pace's April 2006 rating decision, addresses the rating reduction requirements under 38 C.F.R. §§ 3.343(a) and 3.344(a), and is analogous to the present facts. *Collier*, 2 Vet. App. at 247–50.  In *Collier*, the VA initially continued a veteran's 100% rating despite evidence of improvement in his condition. *Id.* To support the continuation, the VA applied § 3.344, which requires a showing of *sustained improvement* before reducing a rating. *Id.* The VA later reduced the rating to 70% after an exam revealed the disability was no longer a "totally disabling one." *Id.* at 248–49. The Veterans Court affirmed the rating decision after noting a documented improvement in the veteran's condition over a period of five years prior to the reduction. *Id.* at 250. It determined that:

> If the VA has chosen to continue a rating not apparently justified by current symptoms to see if "sustained improvement" is shown under 38 C.F.R. § 3.344(a), . . . *a comparison between all the examinations prior to such "continuation" and the current examination may be necessary* rather than just a comparison between the last examination and the current examination . . . .

*Id.* (citing 38 C.F.R. § 3.343(a)) (emphasis added). Thus, the Veterans Court determined the disputed regulations supported the VA's rating reduction based on a finding of "sustained improvement" as evidenced in the broader medical record.

Here, the VA similarly reduced Mr. Pace's disability rating after the "totality of the evidence" demonstrated "material, sustained improvement" in his condition. J.A. 2. The Veterans Court therefore appropriately cites *Collier* in support of its conclusion that the VA's review of the full medical record to support its April 2006 rating decision was

consistent with the general understanding of 38 C.F.R. §§ 3.343(a) and 3.344(a) at that time. J.A. 6–7. We see no CUE in the Veterans Court's final determination, and on that basis, we affirm the decision of the Veterans Court.

## CONCLUSION

We have considered Mr. Pace's remaining arguments and find them unpersuasive. For the reasons provided, we affirm the Veterans Court's decision that Mr. Pace's April 3, 2006 rating decision did not contain CUE.

## **AFFIRMED**

## COSTS

No costs.