NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES E. MILLER,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1500

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-7624, Judge William S. Greenberg.

---

Decided:  September 5, 2025

---

JAMES E. MILLER, North Chesterfield, VA, pro se.

AN HOANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH; EVAN SCOTT GRANT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, LINN, and STARK, *Circuit Judges*.

PER CURIAM.

James E. Miller appeals pro se from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision by the Board of Veterans' Appeals ("Board") denying Mr. Miller an effective date prior to March 9, 1994, for his service-connected disability. We *dismiss*.

## BACKGROUND

Mr. Miller served in the United States Army from 1971 to 1973. S. App'x 5; Appellant's Informal Br. 15.[1] In October 1975, Mr. Miller filed a claim with the Department of Veterans Affairs ("VA") seeking a finding that his heart condition was a disability connected to his period of service. In May 1976, the regional office of the VA denied Mr. Miller's claim, and he did not appeal that decision to the Board. The VA later reopened Mr. Miller's claim upon receipt of additional medical documents, but the regional office confirmed the denial in February 1978. Mr. Miller appealed that decision to the Board, which affirmed the denial in a decision dated November 1, 1978.

In 1980, Mr. Miller sought to reopen his claim for a service-connected heart disorder. In November 1980, the regional office informed Mr. Miller by letter that it could take no further action on the matter unless he presented new

_____

[1]    Citations to "S. App'x" are to the supplemental appendix filed by the government. Citations to specific pages in Mr. Miller's informal brief use the page numbers assigned by the court's online docketing system.

and material evidence in support of his claim. Mr. Miller did not respond to that letter.

On March 9, 1994, Mr. Miller again sought to reopen his claim. The regional office again denied his request. Mr. Miller responded to that denial by letter in December 1994, but the VA appears to have lost that document, and it is not included in the record.

In September 1998, Mr. Miller filed a third request to reopen, which was again denied by the regional office. Mr. Miller appealed that denial to the Board. The Board ultimately awarded service connection for his heart condition and granted Mr. Miller an effective date of March 9, 1994. The Board determined that it could not grant an earlier effective date because Mr. Miller did not appeal the initial denial of his claim in 1976, the Board's decision in 1978 was final, and Mr. Miller did not respond to the regional office's November 1980 letter indicating that he would need to submit new and material evidence to reopen his claim.

Mr. Miller appealed the Board's decision to the Veterans Court, asserting that his effective date should be earlier than March 9, 1994. The Veterans Court affirmed the Board, concluding that the Board committed no error in its assignment of an effective date. S. App'x 6–7.

Mr. Miller appeals to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is defined by statute. *Scott v. Wilkie*, 920 F.3d 1375, 1377 (Fed. Cir. 2019). We may review "any challenge to the validity of any statute or regulation or any interpretation thereof" by the Veterans Court. 38 U.S.C. § 7292(c). We may also "interpret constitutional and statutory provisions" when such issues are "presented and necessary to a decision." *Id.* Unless a constitutional challenge is

presented, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

On appeal, Mr. Miller appears not to argue for a 1976 effective date, but he argues that he should have received an effective date of 1980 or 1978. We have long recognized that a veteran may challenge the award of an effective date either by establishing that the action on an earlier application was not final, or by establishing clear and unmistakable error in a final award. *Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008). Mr. Miller has not alleged clear and unmistakable error. Rather, he alleges that the awards were not final. He first contends that he never received the regional office's November 1980 denial of his request to reopen, and he could not file a notice of disagreement to a decision that he never received. It is not entirely clear whether Mr. Miller raised this argument before the Veterans Court, and the Veterans Court's decision did not explicitly address it. Nonethless, the government argued before the Veterans Court that the presumption of regularity supports the view that he received the documents. *See Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001). We read the decision of the Veterans Court as implicitly affirming the Board on the ground that Mr. Miller had not established that he did not receive the documents. This is a resolution of a question of fact that is beyond our jurisdiction to review. *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010).

Mr. Miller next contends that he did not receive the Board's November 1978 decision, but we again read the Veterans Court's decision as rejecting this contention as a factual matter. Mr. Miller also appears to argue that the Veterans Court erred in determining that his original claim "was closed as of the date of the [Board's] November 1978 decision," because he was deprived of a "legal right to appeal [that] decision," rendering it

"unconstitutional." Appellant's Informal Br. 2. The government suggests that Mr. Miller forfeited this argument by not raising it before the Veterans Court. Appellee's Informal Br. 11–12. Even assuming the argument has been preserved, Mr. Miller has presented no colorable argument that the unavailability of judicial review under the circumstances precluded the finality of the Board's November 1978 decision or constituted a constitutional violation. Under our decision in *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999), and with no other issue within our jurisdiction having been presented, the failure to raise a colorable constitutional claim deprives us of jurisdiction over the issue.

## CONCLUSION

We have considered the remainder of Mr. Miller's arguments and do not find them persuasive. For the foregoing reasons, we *dismiss*.

## DISMISSED

### COSTS

No costs.